446 So.2d 913 (1984)
STATE of Louisiana
v.
Joe C. RIVERS.
No. 83 KA 0854.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*914 J. Kevin McNary and Peter J. Garcia, Asst. Dist. Attys., Covington, for appellee.
Oliver F. Johnson, David J. Knight, Covington, for appellant.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Defendant Joe C. Rivers, was indicted for armed robbery, a violation of LSA-R.S. 16:64, (Count I) and aggravated kidnapping, a violation of LSA-R.S. 14:44, (Count II). A jury convicted defendant as charged, and he was subsequently sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension on Count II, the sentence to be served consecutively to the sentence of life imprisonment which defendant is currently serving for a conviction of first degree murder. The defendant was also sentenced to serve ninety-nine (99) years at hard labor, without benefit of parole, probation or suspension of sentence on Count I, this sentence to be served consecutively to the life sentence imposed under Count II. Defendant has appealed, alleging that the trial court erred in imposing the sentences consecutively.[1]
Defendant was charged with aggravated kidnapping and armed robbery after he and an accomplice abducted a sixteen year old boy after the two had sawed their way out of their cell and escaped from the St. Tammany Parish Jail in a mass jail break. The victim agreed to give the men a ride from the Popeye's Fried Chicken establishment in Covington, Louisiana, where he worked, to the Lake Pontchartrain Causeway. While he was driving to the Causeway, defendant placed an object against his head and told him to "keep cool". Defendant's companion then took over the wheel and began driving eastward. After several stops, defendant and his companion forced the victim out of his car in Alabama, stripped him to his underwear, and, after tying his hands behind his back, the pair drove off in the victim's car, after also robbing him of his wallet. The pair was apprehended after a day long manhunt in the woods in Florida after running the victim's car into a ditch while fleeing from police at high speed on a dirt road in that state.
The court imposed the maximum term of ninety-nine (99) years for armed robbery, and the mandated term of life imprisonment for the aggravated kidnapping. Defendant objected to the sentences because of their severity, and argues on appeal that, since the armed robbery and aggravated kidnapping took place at the same time, the imposition of consecutive sentences violated *915 defendant's constitutional right against excessive punishment.
Unless there are specific reasons for heavier punishment, concurrent sentences rather than consecutive sentences are appropriate for convictions arising out of a single course of criminal conduct, at least for a defendant with no prior criminal record and in the absence of a showing that the public safety requires a longer sentence. State v. Armstead, 432 So.2d 837 (La.1983). See also generally LSA-C.Cr.P. art. 883. These offenses, however, were committed during the commission of another crime, that is, the escape from the parish prison, by a defendant already serving a life term for a murder committed during the course of an armed robbery. The defendant testified that he had escaped from jail several times before and had been convicted once of this crime. He further testified that he had been convicted on other occasions for the crimes of attempted armed robbery, receiving stolen property and sales of marijuana. The record leaves no doubt that the defendant is a dangerous and incorrigible criminal. In view of the foregoing we find no abuse of the sentencing discretion on the part of the trial judge by imposing the sentences to be served consecutively, and find, therefore, that the sentences are not unconstitutionally excessive.
AFFIRMED.
NOTES
[1] Defendant's assignment of errors includes a request that this court review the record for errors patent, and to reverse if such an error is found. After a thorough review of the record in this matter we find no error. See State v. Raymo, 419 So.2d 858 (La.1982).