489 So.2d 301 (1986)
STATE of Louisiana
v.
Frank JOHNSON and Kenneth Rodgers.
No. KA-2063.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
*303 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant, Frank Johnson.
Alvin N. Taylor, New Orleans, for appellant, Kenneth Rodgers.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Pamela S. Moran, Asst. Dist. Atty., New Orleans, for appellee.
Before SCHOTT, BYRNES, and HUFFT, JJ.
BYRNES, Judge.
The appellants, Frank Johnson and Kenneth Rodgers, were convicted of armed robbery, a violation of La.R.S. 14:64. Both were found to be multiple offenders. Johnson was sentenced to one hundred ninety-eight years at hard labor without benefit of parole, probation or suspension of sentence and Rodgers was sentenced to one hundred years at hard labor without benefit of parole, probation, or suspension of sentence. Johnson's sentence is to be served consecutively with the sentence received in an earlier conviction. This appeal followed.
At 2:00 a.m., on January 31, 1983, two men knocked on the door of Burdella Edwards' home looking for "Big Dan" or "Big Man". Burdella's common law husband, Wardell Hughes, is also known as Big Dan. Assuming they were friends of Hughes, Gregory Harney, Mrs. Edwards' brother, opened the door. One of the men, later identified as Frank Johnson, pushed his way into the house and took Harney hostage by placing a gun to his head. He demanded money.
The second man, later identified as Kenneth Rodgers, remained outside to keep an eye on the front and back door. Mrs. Edwards gave Johnson a coin purse containing one hundred dollars. Although they left without harming anyone, the occupants heard Rodgers urge Johnson to kill everyone in the house.
Both men grew up in the neighborhood, and were known to the victims. Mrs. Edwards, who at one time was a friend of Johnson's mother, attempted to have the money returned. When this attempt failed she called the police.
A warrant was issued and the men were arrested. At trial, five eyewitnesses identified both Johnson and Rodgers. These witnesses were the victim, Burdella Edwards; the hostage, Gregory Harney; Burdella's daughter, Trenice Deamus; and Sandra Darries and Patricia McCalpine, two of Trenice's girlfriends. Although Johnson and Rodgers offered alibis, the jury unanimously found them guilty.
On appeal, the defendants raise a total of seven assignments of error, three of which are raised in a pro se supplemental brief. After giving these assignments due consideration, we find they are without merit and affirm both convictions.

JOINT ASSIGNMENT OF ERROR
Both Johnson and Rodgers allege that reversible error occurred when the state failed to lay a foundation for the admission of a .22 caliber gun and .38 caliber gun found at the time of Johnson's arrest. Prior to the admission of physical evidence, the state must lay a proper foundation. C.Cr.P. Art. 773. Visual identification of an item of evidence by a witness in court establishes a proper foundation. State v. Demouchet, 353 So.2d 1025 (La. 1977); State v. Harriman, 469 So.2d 298 (La.App.2d Cir.1985). The foundation must establish that it is more probable than not that the object offered is the one connected with the case. Lack of positive identification goes to the weight of the evidence *304 rather than its admissibility. Demouchet, supra at 1029; State v. Taylor, 422 So.2d 109 (La.1982); cert. denied 460 U.S. 1103, 103 S.Ct. 1803, 76 L.Ed.2d 367 (1983).
In the instant case, Sandra Darries positively identified the .38 caliber revolver as the one used in the robbery. It appears that she had sufficient opportunity to view the gun and make a positive identification at the time of the robbery. In addition, three other eyewitnesses testified that the .38 resembled the one used in the robberies. Their lack of certainty goes to the weight of the evidence rather than its admissibility. Viewing the identification as a whole, we find that the foundation laid by the state in this case was sufficient. This assignment is without merit.

JOHNSON'S ASSIGNMENTS OF ERROR
Defendant Johnson alleges that the court erred by denying his motion to have his restraints removed, and by sentencing him to consecutive rather than concurrent terms of imprisonment. Both of these assignments are without merit.
In his motion for removal of restraints, the defendant alleges that it was an abuse of discretion for the court to have him appear handcuffed and shackled in front of the jury. In an earlier trial in front of the same judge but for a different armed robbery, Johnson openly and continually argued with the judge and spat on the deputies. The judge had him restrained for the remainder of that proceeding. Since the judge was fully aware of the defendant's behavior, he ordered restraints for this proceeding.
In a civil proceeding, an unruly party is found in contempt of court and removed from the courtroom. A criminal defendant, however, has a Sixth Amendment right to confront witnesses and thus should, if at all possible, remain in the courtroom throughout the trial. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). In view of this defendant's prior conduct and his record of escaping from prison, it appears that the only way that the trial judge could have the defendant in the courtroom and still preserve its decorum, was to restrain him.
Moreover, even were we to conclude that the judge abused his discretion by restraining the defendant, we would nonetheless deem the error harmless. Under C.Cr.P. Art. 921 an error is considered harmless unless it affects a substantial right of the accused. Here, the defendant claims that his appearance in restraints prejudiced the jury against him. In view of the five eyewitnesses and the substantial proof presented against the defendant, we do not believe that the jury was prejudiced by the restraints. Their unanimous guilty verdict was clearly based on the evidence, not the restraints.
Johnson also alleges that he should receive concurrent rather than consecutive sentences, in accord with C.Cr.P. Art. 883. We disagree. Consecutive sentences are proper where the sentence is imposed for multiple crimes occurring in separate incidents. Concurrent sentences are allowed when the conviction is for multiple crimes occurring in the same incident. State v. Pruitt, 474 So.2d 491, 493 (La.App. 4th Cir.1985).
In Pruitt, we allowed consecutive sentences for two armed robberies that were six weeks apart. Id. at 493. In the instant case, Johnson is currently serving a sentence for manslaughter and theft, and one for armed robbery where a hostage was taken. Charges for simple escape and possession of firearms are still pending. These are all separate offenses, and the sentences, therefore, may be imposed consecutively. This assignment is without merit.

RODGERS' ASSIGNMENTS OF ERROR
Defendant Rodgers raises four assignments of error. First, he claims that the court erred by denying his motion to sever; second, that the state failed to amend the bill of information against him; third, that his sentence was excessive; and fourth, *305 that the evidence presented was insufficient to support a guilty verdict. We find these assignments to be without merit and affirm Rodgers' conviction and sentence.
The trial court denied the defendant's motion to sever. At trial, the defendant stated that his motion for severance was based on the allegation that the trial judge was prejudiced against his co-defendant, Frank Johnson and therefore, he could not receive a fair trial. On appeal, however, the ground for the motion has changed. Rodgers alleges that the jury was unfairly prejudiced against him by the presence of his co-defendant in restraints. This is an entirely different ground for severance than the one stated at trial. A new ground for objection cannot be presented for the first time on appeal. State v. Cressey, 440 So.2d 141 (La.1983). We, therefore, decline to address this issue.
Defendant Rodgers also alleges that the State's failure to amend the bill of information in accord with C.Cr.P. Art. 487 was error. Having reviewed the record, we note that the state did amend the bill of information. Moreover, the record clearly indicates that both the defendant and his attorney were aware of the amendment. This assignment is without merit.
The third assignment of error raised by Rodgers alleges that he was given an excessive sentence. The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied ___ U.S. ___, 105 S.Ct. 2345, 87 L.Ed.2d 670 (1985). In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. Art. 894.1 in determining the defendant's particular sentence. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (1984).
After a careful review of defendant Rodgers' sentencing hearing, we conclude that the trial judge acted in accord with the mandates of C.Cr.P. Art. 894.1. He noted the defendant's proclivity to this type of behavior including defendant's past record, and the absence of factors which would serve to mitigate in defendant's favor. This assignment is meritless.
Finally, the defendant argues that the state presented insufficient evidence to support a conviction. The test to determine the sufficiency of evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687 (La.1984).
Rodgers was convicted of armed robbery, which at the time of the offense was (1) the theft (2) of anything of value, (3) from the person of or in the immediate control of another, (4) by use of force or intimidation, (5) while armed with a dangerous weapon. See R.S. 14:64.
Here Rodgers was positively identified by three eyewitnesses as the man who came to Mrs. Edwards' door with Frank Johnson, watched the doors while Johnson robbed Mrs. Edwards inside the house, and then urged Johnson to kill everyone in the house before leaving. Viewing the evidence in light most favorable to the prosecution, the jury could easily have found that Rodgers was guilty of armed robbery beyond a reasonable doubt. State v. Wilson, 452 So.2d 773 (La.App. 4th Cir.1984). This assignment has no merit.
For the foregoing reason, we affirm the convictions and sentences of both defendants.
AFFIRMED.