491 So.2d 711 (1986)
STATE of Louisiana
v.
Michael NICHOLAS.
No. KA-4281.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
Rehearing Denied August 13, 1986.
*712 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Timothy M. Warner, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, BYRNES and WARD, JJ.
GARRISON, Judge.
The defendant, Michael Nicholas, was charged by bill of information with two counts of forgery in violation of LSA-R.S. 14:72.[1] A jury found the defendant guilty as charged on both counts. Pursuant to the multiple bill filed by the State in accordance with LSA-R.S. 15:529.1, the defendant was found to be a quadruple offender and was sentenced to serve forty years at hard labor. He now appeals his conviction and sentence.
Between December 9, 1983 and December 12, 1983, seven checks were stolen from the Clearview Dodge dealership in Metairie. On December 12, 1983, the defendant cashed one of these checks at the Paris Avenue Bar and Lounge in New Orleans. This check was made payable to "Michael Nicholls" in the amount of $550.00 and was signed by "James P. Goulld" and "Bobby Shaw". Mr. Noland Biagas, owner of the Paris Avenue Bar and Lounge, deposited this check in his bank account but was notified shortly thereafter by the bank that this check was "not cashable". Biagas then notified Clearview Dodge of this chain of events and its manager, in turn, contacted the forgery division *713 of the New Orleans Police Department. The defendant was later identified by Biagas from a photographic lineup as the person who had cashed the check on December 12, 1983.
Kirk Tracy, the vice-president and general manager of Clearview Dodge, testified that the defendant was employed at the dealership until December 15, 1983 but that he had failed to report to work between December 9 and December 15, 1983. He also testified that the amount on the check in question was not printed on the dealership check machine and that neither of the two signatures on the check belonged to anyone associated with the dealership.
Officer James Dupuy, a handwriting expert with the New Orleans Police Department, testified that the endorsement on the back of the check matched the defendant's handwriting exemplar taken after the defendant's arrest.
A review of the record for errors patent reveals that the trial court erred in failing to sentence the defendant on both counts of his forgery conviction. However, because the conviction on both counts of this offense violates the ban on double jeopardy as discussed in assignment of error number two below, this sentencing error is a moot issue.
The sufficiency of the evidence in this case has also been reviewed pursuant to assignments of error five, six and nine.[2] The defendant claims that the trial judge erred in denying the defendant's post-verdict motion for acquittal. Specifically, defendant argues that the State failed to prove that the defendant knew that the check was stolen and that the defendant forged the check. He admits that he received and cashed this check but claims that he was under the impression that the amount of this check was owed to him by Clearview Dodge.
The reviewing court must determine whether or not the evidence, viewed in the light most favorable to the prosecution, is sufficient for a rational trier of fact to conclude that the defendant is guilty beyond a reasonable doubt of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The following facts were adduced at trial:
1. Defendant cashed a Clearview Dodge check payable to "Michael Nicholls" in the amount of $550.00;
2. This check was one of seven checks stolen from the Clearview Dodge offices in the preceding week;
3. The two signatures on the check do not belong to anyone associated with the dealership;
4. Defendant gave a handwriting exemplar which, according to a police department expert, was identical to the endorsement on the check.
The defendant's argument that he thought the amount of this check was owed to him by Clearview Dodge is not plausible. Although the testimony of the handwriting expert did not establish that the defendant was the maker of the check, his testimony did establish that the defendant endorsed this check. The evidence at trial indicated that the defendant knew that this check was forged and that his actions in cashing this check were reasonably certain to result in the defrauding of another. State v. Raymo, 419 So.2d 858 (La.1982). Therefore, the evidence in this case is sufficient to support defendant's forgery conviction.
In assignments of error one and seven, the defendant contends that the trial court erred in preventing the defendant from presenting a defense to negate the existence of knowledge and specific intent. Specifically, the defendant wished to present a defense which would allegedly show that he accepted and cashed this check in good faith based on his belief that he was owed money by Clearview Dodge for such items as a Christmas bonus, a commission on a car sale, or a return of a deposit made on a demonstrator car. The *714 defendant claims that he was effectively prevented from taking the witness stand because of his criminal record and, therefore, the only way to elicit testimony to support his defense theory was through cross-examination.
In an effort to prove his good faith in cashing the check, the defendant attempted on cross-examination of State witnesses to ascertain whether or not a man named David Hoffman had the authority to issue checks for Clearview Dodge and whether or not any money was owed to the defendant by Clearview Dodge. The trial judge sustained the State's objections to this line of questioning and ruled that this information was irrelevant to the case.
A trial judge's ruling as to the relevancy of evidence will not be disturbed on appeal absent a showing of a clear abuse of discretion. State v. Whittaker, 463 So.2d 1270 (La.1985). The disallowance of this evidence by the trial judge was not an abuse of discretion especially in light of the other testimony at trial which indicated that defendant was owed only $30.34 by Clearview Dodge at the time his employment was terminated and that David Hoffman was not authorized to issue or sign checks for the dealership. Because this other testimony established the impossibility of defendant's "good faith" defense, these assignments of error are without merit.
In the second assignment of error, the defendant argues that his convictions on both counts of forgery listed in the bill of information violated the ban on double jeopardy because both counts pertained to the endorsement and cashing of the same check. Article 591 of the Code of Criminal Procedure states as follows:
"No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.
This assignment of error has merit. The Louisiana Supreme Court has recently determined that the legislative intent of R.S. 14:72 was to ensure that a prosecutor has two avenues by which to prosecute one who deals with forged instruments. State v. Smith, 475 So.2d 331 (La.1985). Because the legislature did not authorize cumulative punishments for forgery by false making and forgery by false issuing committed in the course of making and transferring a single false writing, the defendant in this case has been impermissibly sentenced. State v. Smith, supra. Therefore, we vacate the defendant's conviction and sentence on the second count of forgery. However, as noted in the errors patent discussion above, the forty year sentence in this case was imposed on only one count of forgery and the defendant was not sentenced on the other count. The proper remedy in this type of situation is to allow the conviction and sentence to stand as to the first count of forgery and to vacate defendant's conviction on the second count. State v. Doughty, 379 So.2d 1088 (La.1980). However, as discussed in assignment of error four below, the defendant's sentence in this case is excessive, is being vacated by this court and the case is being remanded for resentencing.
In assignment of error number three, the defendant claims that the trial court erred in allowing two of his prior felony convictions to be introduced by the State at the multiple bill hearing to prove that he was a quadruple offender under R.S. 15:529.1. Specifically, defendant contends that these two prior convictions should not have been used to enhance his sentence because he was not adequately Boykinized for one conviction and because the other conviction was entered on the same day as the commission of the instant offense.
Because defense counsel did not object to these two prior convictions being introduced at the multiple bill hearing, this court could rule that the defendant is precluded from raising this issue on appeal and that the defendant's only avenue by which to pursue this issue is through an *715 application for post-conviction relief. However, because the multiple bill hearing transcript is now before this court, this assignment of error will be entertained in the interests of judicial economy.
The colloquy of the guilty plea in case number 250-816 for which the defendant claims that he was not adequately Boykinized indicates that the defendant was not informed specifically of his right to remain silent at trial; rather, he was merely advised of his privilege against self-incrimination. Defendant claims that the trial judge's focus on the plea element of the privilege against self-incrimination instead of its application to the right to remain silent at trial rendered the Boykinization deficient.
The fact that the defendant was advised of his privilege against self-incrimination prior to his guilty plea sufficiently satisfies Boykin requirements. (Defendant was also adequately advised of his right to trial by jury and of his right to confront his accusers). Therefore, this contention is without merit.
Defendant also attacks the use of his latest prior conviction, a guilty plea which was entered on the same date as the commission of the instant offense, December 12, 1983. The defendant argues that the State did not prove that the instant offense was committed after the guilty plea in case number 289-729 was entered but, rather, that this order of events was merely presumed by the trial judge. Neither the guilty plea form nor the Boykin colloquy from case number 289-729 indicates the time of day of the multiple bill hearing in that case. Also, the trial transcript in this case does not indicate the time of day on December 12, 1983 that the instant offense was committed. Therefore, the State did not prove that the guilty plea in case #289-729 could be used in the multiple bill proceeding in this case.
However, because the Boykinization of case # 250-816 was sufficient and because no objection has been made to the use at the multiple bill hearing of the convictions in cases # 252-813 and # 279-177, we uphold the trial judge's finding that appellant is a quadruple offender.
In his fourth assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence. The defendant was sentenced as a quadruple offender to serve forty years at hard labor. The sentencing range in this case was twenty years to life imprisonment. LSA-R.S. 15:529.1 A(3)(a).
It is well settled that a sentence may be excessive even though it falls within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). In this case, the defendant has several prior felony convictions, including theft, possession of marijuana, possession of stolen property, forgery, attempted forgery, simple battery, and simple burglary. Although the defendant is obviously a career criminal, almost all of his prior convictions are of a non-violent nature. In his reasons for sentencing, the trial judge noted that the defendant was, at the very least, a quadruple offender and that although defendant's conduct has not caused or threatened serious physical harm to anyone, his actions have caused many people to lose significant sums of money.
The defendant in this case should serve a substantial sentence due to the fact that he has been found to be a quadruple offender. However, we conclude that forty years for a forgery conviction is an excessive sentence and cannot be upheld. Therefore, we vacate the defendant's sentence and remand this case for resentencing.
In the final assignment of error, supplemental assignment of error eight, defendant contends that the trial judge erred in not granting defendant's motion for mistrial. The motion was based upon remarks made by a State witness about the defendant. The witness, Kirk Tracy, general manager of Clearview Dodge, was questioned by the prosecutor as to how he knew the defendant. Tracy responded:

*716 "He worked for me from April of '83. He had just begun working in the new car department as a new car salesman. We had had some problems with him, kind of on a continuing basis." (Tr. 10).
The trial judge sustained defense counsel's objection to this last remark and admonished the jury to disregard the comment.
None of the bases for a mistrial delineated in C.Cr.P. art. 770 are present in the instant situation. The admonition to the jury sufficiently cured any possible prejudice to the defendant based on this remark. Therefore, this assignment of error is without merit.
For the reasons stated above, we affirm one count of defendant's forgery conviction and vacate the second count of this conviction. We also vacate the defendant's sentence for the first count and remand this case to the trial court for resentencing.
CONVICTION AMENDED, AND AS AMENDED, AFFIRMED.
SENTENCE VACATED.
CASE REMANDED FOR RESENTENCING.
NOTES
[1] LSA-R.S. 14:72 states as follows:

Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.
Whoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both.
[2] The defendant filed a pro se supplemental brief in this case which contains assignments of error five through nine.