LOBRANO, Judge.
Defendant, Donald Pegg, was charged by grand jury indictment with aggravated rape and armed robbery, violations of La. R.S. 14:42 and La.R.S. 14:64, respectively. On March 17, 1986 defendant pled not guilty. Following a jury trial defendant was found guilty as charged on both counts. On May 28, 1986, defendant was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence on the aggravated rape conviction and to ninety-nine (99) years at hard labor without benefit of parole, probation, or suspension of sentence on the armed robbery conviction. The sentences are to run consecutively. On July 9, 1986, defendant was adjudicated a multiple offender. His original sentences were vacated and defendant was resentenced to the same sentences on both counts with the sentences ordered to run consecutively. FACTS:
On February 25, 1986, at approximately 1:00 a.m. the victim returned to her apartment which was located in the rear of the apartment building in which she resided. As she approached her apartment door she heard a male voice behind her advising her that if she did not scream she would “get out of this alive.” As she turned she observed the defendant standing behind her with a gun. The defendant took her purse and demanded jewelry. Defendant then forced the victim at gunpoint into her bedroom where he raped her. While defendant was raping the victim someone knocked on the door. Defendant dragged the victim to the door and ordered her to instruct the visitor to leave. The victim complied. Defendant then put on his pants, stuffed his underwear into his pants, picked up the victim’s purse and left. The victim then called the police.
David Andras, the victim’s co-worker testified that he was scheduled to meet her after work for a drink. He stated that earlier that evening the victim had telephoned him and advised that she was leaving a grocery store and would meet him at her apartment. Andras’ roommate and also co-worker of the victim, Richard Du-plantis, drove Andras to the victim’s apartment. Duplantis circled the block waiting to see if Andras had been admitted to the apartment. Andras testified that as he walked down the driveway toward the apartment he noticed the victim’s groceries lying on the ground. Andras knocked at the door but received no response. After knocking several more times and identifying himself he heard the victim in a nervous voice tell him to leave and not return. Suspecting something was wrong, Andras walked across the street and hid behind some shrubbery. He then observed the defendant exit the victim’s apartment. He *395 followed him down the street and observed him enter a car. At that point, Duplantis drove by. Andras flagged him down and both men followed defendant and obtained his license plate number. They then returned to the victim’s apartment where An-dras gave the police the license plate number and a description of the car. The police traced defendant’s address, went to his house and waited for him to arrive. Soon thereafter, defendant drove up in the car matching the description given by Andras. The officers approached the car. They directed a spot light inside the car and observed a gun lying on the front console and a purse on the front passenger seat. Defendant was removed from the car. A search of defendant revealed that his underwear was stuffed inside his pants as reported by the victim. The purse found on the seat contained the victim’s drivers license. Defendant was then transported back to the scene where the victim positively identified him as her attacker. Andras identified defendant as the man he observed leave the victims apartment and the man he and Duplantis followed.
Defendant appeals his convictions and sentences alleging the following assignments of error:
1. The trial court erred in adjudicating the defendant as a multiple offender as to both counts.
2. The trial court erred in finding the defendant to be a multiple offender based on a prior plea of guilty which was improperly Boykinized.
3. The trial court erred in imposing an excessive sentence by running the sentences on both counts consecutively.
ASSIGNMENT OF ERROR 1:
Defendant asserts that the trial judge erred in adjudicating him a multiple offender following his conviction on both of the indictments. We agree.
Convictions entered at the same time must be treated as one for enhancement purposes. State v. Sherer, 411 So.2d 1050 (La.1982); State v. Wells, 454 So.2d 403 (La.App. 4th Cir.1984).
Thus, the sentencing of a defendant is error where a trial judge sentences the defendant as a multiple offender on each of two counts.
Furthermore, where upon a first conviction, the offender would be subject to life imprisonment, enhanced sentencing under La.R.S. 15:529.1 is not authorized. State v. Dulaney, 359 So.2d 976 (La.1978).
In the instant case, defendant was “multiple billed” on two convictions entered the same day and arising from the same bill of indictment, one of which was the aggravated rape conviction for which he received a life sentence. Thus, the trial court erred in sentencing the defendant as a multiple offender on both convictions.
ASSIGNMENT OF ERROR 2:
Defendant asserts it was error to use his prior plea of guilty to adjudicate him a multiple offender because he was not properly Boykinized in that the sentencing court did not adequately advise him of his right against self-incrimination.
A review of the transcript of defendant’s multiple offender hearing reflects that although he objected to his adjudication as a multiple offender he did so on different grounds than he now alleges. As such, defendant’s proper remedy is via an application for post-conviction relief. La. C. Cr.P. Arts. 924 et seq. However, in the interest of judicial economy and because the transcript of defendant’s Boykin examination is before us we shall address this assignment of error. State v. Nicholas, 491 So.2d 711 (La.App. 4th Cir.1986).
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court enunciated the Boykin standard and emphasized three federal constitutional rights which were waived by a guilty plea: the privilege against self-incrimination, the right to trial by jury, and the right to confront one’s accusers. In Boykin the high court announced its unwillingness to presume a waiver of these important rights from a silent record because the purpose of the rule is to ensure that the defendant has adequate information to make an intelli *396 gent and voluntary plea of guilty. Boykin v. Alabama, supra.
Our Supreme Court adopted the Boykin standard in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) and held it to apply to all pleas of guilty taken subsequent to December 8, 1971.
In the instant case, the sentencing court did not specifically use the words “right against self-incrimination”. Rather, the judge stated:
“You understand that you have the right to take the witness stand at your sole option, and if you do not take the witness stand, no inference of guilty may be drawn from that failure?”
This Court has found Boykin colloquies to be adequate where the trial court did not use the exact words “right against self-incrimination”; State v. Dufrene, 488 So.2d 225 (La.App. 4th Cir.1986), the trial court advised the defendant that he “could testify or remain silent”; State v. Lawson, 474 So.2d 455 (La.App. 4th Cir.1985), the trial court told the defendant “Now, no one can force you to take this witness stand and give testimony against yourself.”; State v. Hammer, 468 So.2d 5 (La.App. 4th Cir.1985), the trial court asked the defendant “Do you also understand that you are giving up your Fifth Amendment rights by entering this guilty plea?”; State v. Murray, 436 So.2d 775 (La.App. 4th Cir.1988), the trial court stated:
“Also, you’re waiving your privilege against self incrimination because by pleading guilty you are incriminating your self [sic], and by testifying this morning you’re incriminating yourself. And you wish to waive the privilege against self incrimination?”
In the instant case the trial Court’s statements to defendant concerning his right against self-incrimination comply with the Boykin standard as adequately as those in the above cited cases. The words used are the equivalent of advising the defendant of his right against self-incrimination and serve to satisfy the Boykin requirements.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 3:
Defendant asserts the trial court erred by imposing an excessive sentence. Because we are vacating the sentences imposed under the multiple bill adjudication, we find it unnecessary to address this assignment of error.
For the foregoing reasons, defendant’s convictions are affirmed. His sentence as a multiple offender is vacated. The case is remanded for re-sentencing consistent with this opinion noting that defendant may be multiple billed on the armed robbery conviction only.
CONVICTION AFFIRMED, SENTENCES VACATED, REMANDED.