BARRY, Judge.
The defendant was charged with possession with intent to distribute cocaine, La.R. S. 40:967, and a jury found him guilty as charged. He was sentenced as a second offender to ten (10) years at hard labor pursuant to La.R.S. 15:529.1 with credit for time served.
FACTS
Officers. Eddie Selby, John Ronquillo and Kirk Noya received a call at about 11:40 p.m. on April 26, 1986 and proceeded to the 2400 block of Pauger St. where they saw the defendant. The defendant fit the description of the person for whom they were looking pursuant to the call. The three officers set up a surveillance and Selby observed with binoculars.
A red van stopped at the corner and the defendant approached. The van’s passenger handed the defendant money and the defendant gave the passenger a small object which he had removed from his pocket.
Believing that a narcotics transaction had taken place, the officers prepared to stop the defendant. They drove around the block and observed another man approach the defendant and hand something to him. When the men saw the officers they began walking in the opposite direction. Selby pursued the defendant. Ronquillo and Noya went after the other man who was observed putting something in his mouth.
The defendant quickened his pace and Ronquillo assisted Selby. Selby and Ron-quillo observed the defendant reach into his *14 pocket and discard a small matchbox. Sel-by recovered the matchbox which contained several packets of what appeared to be cocaine. A search of the defendant produced $45.
The defendant denied possessing the matchbox. He testified that he was standing on the corner when the officers went after him and another man. He said the officers found nothing on him, then they picked up a matchbox in the street and claimed it belonged to the defendant. He suggested the matchbox had come from one of the people “across the street.” He said others in the area were dealing drugs but he did not.
ASSIGNMENTS # 1 and # 2
Both of the defendant’s assignments of error concern his adjudication as a second offender. The first assignment contends the State failed to show that the five year cleansing period had not run between his discharge from probation and the commission of the present crime. The second assignment contends the State failed to prove he was advised of his right to a jury trial before he pled guilty to the predicate offense.
In the absence of an objection, the defendant has not preserved his right to appeal his second offender adjudication. State v. Whittaker, 496 So.2d 1103 (La.App. 4th Cir.1986); State v. Talbert, 416 So.2d 68 (La.1982). The defendant failed to object and is thus relegated to post-conviction relief.
We note State v. Pegg, 513 So.2d 393 (La.App. 4th Cir.1987) and State v. Nicholas, 491 So.2d 711 (La.App. 4th Cir.1986) both of which reach, on appeal, the merits of attacks on predicate offenses despite the failure to object. In both cases this court explained that the merits would be considered in the interest of judicial economy. In both cases the record contained a sufficient basis to determine that the defendants’ contentions would have no merit in an application for post-conviction relief.
In this case we have the transcript of the hearing which adjudicated the defendant as a second offender. However, the record is insufficient to determine the merits of each claim.
The conviction and sentence are affirmed.
AFFIRMED.
PLOTKIN, J., dissents.