607 So.2d 689 (1992)
STATE of Louisiana
v.
Walter L. RUSSELL and Sherman Sheridan.
No. 91-KA-2264.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1992.
Harry Connick, Dist. Atty., Valerie Welz, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellants.
*690 Before BARRY, PLOTKIN and LANDRIEU, JJ.
LANDRIEU, Judge.
Defendants, Walter L. Russell and Sherman Sheridan, were both charged by bill of information on February 28, 1991, with two counts of simple robbery, a violation of La.Rev.Stat.Ann. § 14:65 (West 1986). At trial on June 17 and 18, 1991, a six member jury found defendant Russell guilty of attempted simple robbery on count one and guilty of simple robbery on count two. Defendant Sheridan was found guilty of attempted simple robbery on both counts. On August 9, 1991, Russell was sentenced to three and one-half years at hard labor on count one and seven years at hard labor on count two, with credit for time served. These sentences are set to run concurrently but consecutively with his parole time. Sheridan was sentenced to three years at hard labor on both counts, with credit for time served; his sentences are to run concurrently.
Pursuant to a multiple bill hearing on October 2, 1991, against defendant Russell, the trial court vacated the original sentence imposed on count two and sentenced said defendant under the provisions of La.Rev. Stat.Ann. § 15:529.1 (West 1992), to serve seven years at hard labor with credit for time served. This sentence is to run concurrently with the sentence previously imposed on count one, but consecutively with defendant's parole obligation. On appeal, defendants raise four assignments of error for reversal of their convictions and sentences. We affirm.

FACTS
On December 28, 1990, at approximately 10:15 p.m., Andrea Dufour and Matthew Dyer together with a few relatives and friends arrived in the area of Carrollton Avenue and Canal Street. They went to a near-by lounge, Andy Capp's, to see a friend who worked there. Upon learning that their friend was not working, Dyer and Dufour walked back to their car to wait for the rest of their party who had walked from Andy Capp's to Canal Villere which is located at the corner of Carrollton Avenue and Canal Street.
While Dyer and Dufour were waiting in their car, which was parked in the Hibernia Bank parking lot across from Canal Villere, they were approached by two men. Identifying themselves as police officers, the two men pulled Dyer and Dufour out of the car.
Defendant Russell asked Matthew Dyer for his driver's license. Putting Dyer's license in his pocket, Russell proceeded to walk Dyer away from the car toward the opposite end of the parking lot. Concomitantly, co-defendant Sheridan frisked Andrea Dufour, sat her down in the front seat of the car, and questioned her about stolen property. Sheridan then took off Dufour's watch and bracelet. Next, Sheridan questioned her about the jewelry on her finger, specifically her senior class ring. This questioning alerted Dufour that something was wrong, and she began screaming. When Dufour began screaming, Dyer came running to her aid. At this time, Sheridan handed Russell the jewelry and both he and Russell started to run from the parking lot. Dyer immediately ran after the two men, catching Russell. As Russell and Dyer began to struggle, Dyer and Dufour's friends were returning from the store and rushed to their friends' aid. Russell managing to break loose, ran across the street throwing the jewelry on the ground. Dyer successfully caught Russell again and together with some other people, brought Russell back to the parking lot and held him there.
Upon leaving Andy Capp's, David Ducote, a patron of the bar, noticed the incident. Seeing Sheridan running away, Ducote, in his own vehicle, pursued Sheridan. Sheridan was located on the corner of Conti and Hennessey Streets, whereupon Ducote was able to get Sheridan into his car and return him to the scene of the incident.
At this point in time, the police had arrived on the scene and detained Russell. A search of the area located Dufour's jewelry and a search of Russell's person resulted in the retrieval of Dyer's driver's license. A description of Sheridan was next broadcast over the police radio.
*691 Within five to ten minutes of the robbery, Ducote returned to the scene with Sheridan. Upon exiting Ducote's vehicle, Sheridan was identified by both Dyer and Dufour as the other perpetrator. Following a full investigation, Russell and Sheridan were arrested for the robbery of Dyer and Dufour.

DISCUSSION
ERRORS PATENT
A review of the record for errors patent reveals none.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendants contend that the State did not produce sufficient evidence to sustain the convictions of simple robbery and attempted simple robbery.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987).
Under § 14:65(A), the essential elements necessary to sustain a conviction of simple robbery are:
(1) the taking of anything of value;
(2) belonging to another from the person of another or that is in the immediate control of another;
(3) by use of force or intimidation, but not armed with a dangerous weapon.
The attempt statute, La.Rev.Stat.Ann. § 14:27 (West 1986), reads in pertinent part as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Defendants argue that the State failed to prove any use of force or intimidation on the part of the defendants. Moreover, they contend that the victims voluntarily gave up their property believing the defendants to be police officers. Defendants suggest the evidence supports that a theft or attempted theft occurred in lieu of simple robbery.
The Louisiana Supreme Court, in State v. Thomas, 447 So.2d 1053, 1055 (La.1984), found that "[t]he offense of theft is a crime against property, whereas robbery is an offense against the person; the latter has a harsher penalty:"
"It is the increased risk of danger to human life caused when a theft is attempted in the face of the victim's opposition that caused the legislature to differentiate between robbery and mere theft." State v. Johnson, 411 So.2d 439, 441 (La.1982).
See also, State v. Mason, 403 So.2d 701 (La.1981).
Furthermore, the court explicitly held that:
The property taken in a robbery must be sufficiently under the victim's control that, absent violence or intimidation, the victim could have prevented the taking. State v. Mason, supra; State v. Refuge, 300 So.2d 489 (La.1974); State v. Verret, 174 La. 1059, 142 So. 688 (1932); LaFave & Scott, Criminal Law (Hornbook, ed. 1972), § 94, p. 696. If a defendant has taken advantage of a situation which resulted from the prior use of force or intimidation, most jurisdictions hold that a robbery has occurred. LaFave & Scott, supra, p. 702; State v. Covington, 169 La. 939, 126 So. 431 (1930).
Thomas, supra at 1055.
In Thomas, the victims were driving on Pontchartrain Boulevard in New Orleans when a red Monte Carlo behind them began flashing its bright lights. As the victims slowed down, the defendant proceeded to pull along side of the victims' truck whereupon the defendant flashed a badge to the victims and motioned for them to pull over. Believing the defendant to be a police officer, *692 the victims complied. Defendant then opened the passenger side of the victims' truck and told the victims they would be in trouble if they had any drugs in the vehicle. Thomas ordered Barber to look away while he rummaged through the truck's cab and Dawson's purse. He then instructed Barber to stand behind the truck while he completed his search. After the defendant told the victims they could drive away, the victims realized that their money was missing.
Finding that there was sufficient evidence of defendant's use of intimidation, the Louisiana Supreme Court affirmed defendant's conviction of simple robbery. The Court concluded that
[v]ictims Barber and Dawson were clearly intimidated: first, by defendant's badge; second, by his threat of trouble; and third, by his general demeanor and aura of authority. Thomas took their money under the guise of searching the vehicle for drugs, an action which might be expected of a police officer. The jury reasonably concluded that defendant made the stop, conducted the search, and misappropriated the money by use of intimidation. The face-to-face confrontation involved the increased risk of bodily harm which distinguishes robbery from theft.
Thomas, supra at 1055.
The testimony of both Dyer and Dufour established defendants' use of intimidation in the attempt to take, and actual taking of, the victims' valuables. The defendants misrepresented themselves as police officers and forcibly removed the victims from their vehicle. Under the guise of searching for stolen property, defendant Sheridan took Andrea Dufour's jewelry while Matthew Dyer, believing Russell to be a police officer, gave Russell his driver's license as identification. The defendants' actions were very similar to the actions that would be expected of police officers who were conducting an investigation.
Based on these facts presented, any rational trier of fact could have found beyond a reasonable doubt that the defendants used force and/or intimidation to take the victims' property.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant Sherman Sheridan contends that the trial court erred in imposing a constitutionally excessive sentence. The trial court sentenced Sheridan to serve three years at hard labor on both counts of attempted simple robbery, with the sentences to run concurrently.
Article 1, § 20 of the Louisiana Constitution of 1974 provides that "[n]o law shall subject any person ... to cruel, excessive or unusual punishment."
A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616 (La. 1984), cert. denied Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Caston, 477 So.2d 868 (La. App. 4th Cir.1985). Generally, a reviewing court must determine whether the trial court adequately complied with the sentencing guidelines set forth in La.Code Crim.Proc.Ann. art. 894.1 (West 1984) and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La. 1982).
In imposing the sentence, the trial court considered the defendant's age and his prior arrests, the facts of the offense, the probability that the defendant would commit another offense, and the defendant's need for a corrective environment. While the trial court recognized that the defendant did not have any previous convictions, the court did note that Sheridan did have an extensive arrest record, inclusive of a prior arrest for impersonating a police officer. The trial court further stated that probation or suspension of sentence would not be appropriate, thus reflecting that the court did comply with Article 894.1.
*693 The trial court has great discretion in sentencing within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983). A sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982). Further, each case must be decided on its own facts. State v. Humphrey, 445 So.2d 1155 (La.1984).
In this case, the maximum sentence the defendant could have received was three and one-half years at hard labor for each conviction of attempted simple robbery; however, the trial court sentenced the defendant to serve three years at hard labor on both counts with the sentences to run concurrently.
This Court and the Louisiana Supreme Court have affirmed sentences which imposed the maximum penalty on convictions of simple robbery. In State v. Thomas, 395 So.2d 802 (La.1981), the Louisiana Supreme Court affirmed the defendant's sentences on two counts of simple robbery. The trial court sentenced the defendant to serve seven years at hard labor on count one, and six years at hard labor on count two, with the sentences to run concurrently. The defendant in Thomas was twenty years old, and had no prior felony convictions. The trial court in sentencing the defendant stated that the defendant committed harm to the victims. Additionally, the court acknowledged that the defendant had been out on bond since his arrest and had not committed any other crime.
In State v. Smith, 519 So.2d 829 (La. App. 4th Cir.1988), this Court affirmed the defendant's sentence of seven years at hard labor, although the victim suffered no physical injuries and retrieved all the money stolen. The defendant had only one prior conviction for breaking and entering, but the trial court referred to defendant's extensive arrest record in sentencing the defendant. The trial court further noted that it was highly likely that the defendant would commit another crime.
The fact that the defendant has no previous felony convictions is not sufficient reason to reverse the sentences imposed by the trial court. Further noting that the defendant had an extensive arrest record, the trial court believed defendant was likely to commit another crime, and was in need of a corrective environment. The trial court acknowledged that the defendant did not actually injure the victims, but he caused them to experience great fear. After a complete review of the trial record and the court's reasons for sentencing, we find that the sentences imposed were not excessive.
Defendant Sheridan's assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
Defendant Walter Russell argues that the trial court erroneously adjudicated him to be a second offender. Specifically, the defendant contends that the State failed to prove that less than five years had elapsed from the date of discharge on the predicate offense and the commission of the present offense.
Because the defendant did not object to being a second offender at the multiple bill hearing, he is precluded from raising this argument on appeal. La.Code Crim.Proc.Ann. art. 841 (West 1984); State v. Talbert, 416 So.2d 68 (La.1982); State v. Nelson, 544 So.2d 13 (La.App. 4th Cir. 1989).
A review of the record indicates that the State did not affirmatively establish that five years had lapsed since the expiration of the defendant's previous sentence. However, the record convinces us that more probably than not five years had not lapsed between the date of discharge on the predicate offense and the commission of the present offense. Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4
In his last assignment of error, defendant Russell argues that the trial court erred in imposing his sentence with consecutive parole eligibility.
The trial court, at the original sentencing hearing on August 9, 1991, sentenced the defendant to three and one-half years at hard labor on the attempted simple robbery conviction and seven years at hard labor on the simple robbery conviction, with credit *694 for time served. The sentences were to run concurrently with each other, but consecutively with the defendant's parole time. Acknowledging that the defendant was on parole for simple burglary of an inhabited dwelling when the defendant committed the present offenses, the trial court made defendant's sentences on the present convictions consecutive with defendant's parole time for the prior offense.
At the multiple offender hearing, the trial court vacated defendant's original sentence under count two and sentenced defendant under the multiple bill to seven years at hard labor with credit for time served. The sentence was to run concurrently with the sentence imposed on count one, but "consecutively with the defendant's parole obligation and parole time." The trial court, in its statement, was just clarifying that while the sentence under the multiple bill and the sentence on the attempted simple robbery conviction were to run concurrently, these two sentences were to run consecutively to the defendant's parole time for the prior offense.
The defendant is mistaken when he states that the two sentences were to run concurrently but consecutively for parole eligibility. Further, the defendant's reliance upon State v. James, 576 So.2d 611 (La.App. 4th Cir.1991), writ denied 599 So.2d 312 (La.1992) and State v. Smith, 570 So.2d 82 (La.App. 4th Cir.1990) is misplaced. These two cases stand for the proposition that a trial court may not sentence a defendant so as to deny parole or good time. The trial court in this case did not deny the defendant his parole eligibility. It simply made defendant's sentences consecutive to his parole obligation under the prior offense.
The trial court was well within its discretion in making the sentences under the present offense consecutive to the defendant's parole obligation under the prior offense. Code of Criminal Procedure article 883[1] allows for the imposition of consecutive sentences when the convictions are for offenses which arise from separate occurrences. In State v. Pruitt, 474 So.2d 491 (La.App. 4th Cir.1985), this Court affirmed the imposition of consecutive sentences for two armed robberies which occurred six weeks apart.
The defendant in State v. Johnson, 489 So.2d 301 (La.App. 4th Cir.1986) was convicted of armed robbery and found to be a multiple offender. He was sentenced to one hundred ninety-eight years at hard labor without benefit of probation, parole, or suspension of sentence. The sentence was made consecutive with a sentence imposed in an earlier conviction. This Court affirmed the imposition of consecutive sentences.
Further, La.Rev.Stat.Ann. § 15:574.10 (West 1992) provides that
[w]hen a person is convicted in this state of a felony committed while on parole or is convicted under the laws of any other state or of the United States or any foreign government or country of an offense committed while on parole and which if committed in this state would be a felony, his parole shall be deemed revoked as of the date of the commission of the felony or such offense under the laws of the other jurisdiction. His parole officer shall inform the sentencing judge of the fact that the convicted defendant is a parole violator. The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole. The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless *695 a concurrent term of imprisonment is expressly directed by the court.
Even if the trial court had not stated that the sentences under the present convictions were to run consecutively to the defendant's parole obligation, the sentences would have run consecutively by operation of law. The trial court did not err in ordering that the defendant's sentences under the present offenses run consecutively with his parole obligation under his prior conviction for simple burglary of an inhabited dwelling. This assignment of error is without merit.
For the foregoing reasons, the convictions and sentences of Walter L. Russell and Sherman Sheridan are affirmed.
AFFIRMED.
NOTES
[1] La.Code Crim.Proc.Ann. art. 883 (West 1984) specifically provides that

[i]f the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes reflect, the date from which the sentences are to run concurrently.