## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-446

STATE OF LOUISIANA

VERSUS

BRUCE D. DIAL

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 73883
HONORABLE JAMES RICHARD MITCHELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Billy Howard Ezell, Judges.

AFFIRMED.

Asa A. Skinner
District Attorney - Thirtieth Judicial District Court
Terry Wayne Lambright
Assistant District Attorney - Thirtieth Judicial District Court
P. O. Box 1188
Leesville, LA 71446
Telephone: (337) 239-2008
COUNSEL FOR:
        Plaintiff/Appellee - State of Louisiana

James Edward Beal
Louisiana Appellate Project
P. O. Box 307
Jonesboro, LA 71251-0307
Telephone: (318) 259-2391
COUNSEL FOR:
        Defendant/Appellant - Bruce D. Dial

**Bruce D. Dial**
**St. Martin Correctional Center - 2 Sub Station**
**437 W. Mills Avenue**
**Breaux Bridge, LA 70517-5501**

**THIBODEAUX, Chief Judge.**

Defendant, Bruce D. Dial, pleaded guilty to five counts of simple burglary. The trial judge sentenced him to serve concurrent twelve year terms at hard labor on each count, but consecutive to any other sentence he may be serving.

We affirm.

## ISSUES

We shall consider whether:

1.      the trial court erroneously advised Defendant that his sentence was not subject to diminution for good behavior pursuant to La.R.S. 15:571.3; and,

2.      the trial court improperly imposed an excessive sentence on the basis of an incomplete pre-sentence investigation report.

## LAW AND DISCUSSION

### Diminution of Sentence

Defendant complains the trial court had no basis for denying him diminution of sentence. He asserts that if accompanied by a denial of "good time," his sentences are excessive and not supported by the record. Defendant prays for imposition of concurrent sentences with the benefit of diminution of sentence for "good behavior."

At sentencing, the trial court stated, "[p]ursuant to Code of Criminal Procedure Article 894.1, you are advised that your sentence is not subject to diminution for good behavior pursuant to Revised Statute 15:571.3."

In *State v. Narcisse,* 97-3161, p. 1 (La. 6/26/98), 714 So.2d 698, 699, the Louisiana Supreme Court explained:

> [A] trial judge lacks authority under La.R.S. 15:5[71.3] (C)
> to deny a defendant eligibility for good time credits against
> his sentence, because that statute is "directed to the

Department of Corrections exclusively." *State ex rel. Simmons v. Stalder*, 93-1852 (La. 1/26/96), 666 So.2d 661. . . . When the sentencing court is of the opinion that a denial of diminution of sentence is warranted under the specific circumstances of the case, the trial judge's discretion should be exercised under La.C.Cr.P. 890.1(B).

In this case, the trial court merely *advised* Defendant pursuant to La.Code Crim.P. art. 894.1 he was ineligible for diminution of sentence. Whether or not the advisement was correct has no effect since the authority lies with the Department of Corrections. *Id.*

Accordingly, this assignment of error has no merit.

**Excessiveness of the Sentence**

Defendant asserts his sentences are excessive and not supported by the record. Defendant prays for imposition of concurrent sentences.

Defendant explains that the trial court did not have a complete or proper PSI as there were numerous problems and/or omissions with the PSI which resulted in the imposition of a harsher sentence. At the sentencing hearing, Defendant's attorney stated he reviewed the PSI. There was no objection or attempt to add to the report. Defendant states he did not object out of fear and shock. Nevertheless, in his motion to reconsider sentence filed in the trial court, the only basis on which Defendant complained was that "under the new Pre-Sentence Investigation process the Court may have been unaware that Defendant was already serving a ten (10) year sentence from Beauregard Parish consecutive to a two (2) year probation revocation." However, this assertion is incorrect. The PSI included a sentence imposed in Beauregard Parish on December 4, 2008, of ten years at hard labor for simple burglary and two years at hard labor for simple criminal damage to property with the sentences to run concurrently to each other, but consecutively to any other sentence.

In *State v. Davis*, 06-922 (La.App. 3 Cir. 12/29/06), 947 So.2d 201, this court held, in pertinent part:

> According to La.Code Crim.P. art. 881.1, failure to make or file a motion to reconsider sentence precludes a defendant from raising, on appeal, any objection to the sentence. When the record does not indicate that any objection was made regarding sentencing, the defendant is precluded from appealing his sentence. *State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59.
>
> Although Defendant's sentencing claim is barred pursuant to La.Code Crim.P. art. 881.1, we will review Defendant's sentence for bare excessiveness in the interest of justice. *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La. 10/14/02), 827 So.2d 420. This court has reviewed claims regarding the consecutive nature of sentences using a bare claim of excessiveness analysis. *See State v. Vollm*, 04-837 (La.App. 3 Cir 11/10/04), 887 So.2d 664; *State v. Day*, 05-287 (La.App. 3 Cir 11/2/05), 915 So.2d 950.
>
> This court has set forth the following standard to be used in reviewing excessive sentence claims:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*,

3

519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

*Id.* at 202-03. *See, e.g., State v. Baker*, 08-54 (La.App. 3 Cir. 5/7/08), 986 So.2d 682.

Since the only argument in Defendant's motion to reconsider sentence involved whether or not the trial court was aware of the Beauregard Parish sentence, this court is relegated to review the present claim of consecutive sentences under a bare claim of excessiveness analysis.

Louisiana Code of Criminal Procedure Article 883 provides:

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

In *State v. Rivers*, 446 So.2d 913 (La.App. 1 Cir. 1984), the defendant was convicted of armed robbery and aggravated kidnapping. He was sentenced to ninety-nine years on the armed robbery charge and life imprisonment on the aggravated kidnapping charge to be served consecutively to each other and consecutively to a sentence of life imprisonment which the defendant was serving for a conviction of first degree murder. On appeal, the defendant argued the imposition of consecutive sentences violated his constitutional right against excessive punishment. The court found the trial court did not abuse its discretion in imposing consecutive sentences.

4

In *State v. Russell*, 607 So.2d 689 (La.App. 4 Cir. 1992), *writ denied*, 94-318 (La. 6/21/96), 675 So.2d 1069, the defendant complained the trial court erred in ordering his sentence to run consecutively to his parole time for a prior offense. The court found the claim lacked merit. In setting forth one of the grounds for denying the claim, the court explained:

> The trial court was well within its discretion in making the sentences under the present offense consecutive to the defendant's parole obligation under the prior offense. Code of Criminal Procedure article 883 allows for the imposition of consecutive sentences when the convictions are for offenses which arise from separate occurrences. In *State v. Pruitt*, 474 So.2d 491 (La.App. 4th Cir.1985), this Court affirmed the imposition of consecutive sentences for two armed robberies which occurred six weeks apart.
>
> The defendant in *State v. Johnson*, 489 So.2d 301 (La.App. 4th Cir. 1986) was convicted of armed robbery and found to be a multiple offender. He was sentenced to one hundred ninety-eight years at hard labor without benefit of probation, parole, or suspension of sentence. The sentence was made consecutive with a sentence imposed in an earlier conviction. This Court affirmed the imposition of consecutive sentences.

*Id*. at 694.

The trial court did not abuse its discretion in ordering the present sentence to run consecutively to any other sentence he was serving. The sentence which Defendant was serving was imposed in a different parish, for a separate conviction, by a different judge. Additionally, the trial judge in Beauregard Parish specifically ordered the sentence to run consecutively to any other sentence Defendant was serving.

In *State v. Semien*, 06-841 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397, the court explained:

> However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844

So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, [98-648 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

*Id.* at 1197 (citation omitted).

Defendant was sentenced to the maximum term of twelve years at hard labor on each count and a $2,000.00 fine.

At the sentencing hearing, the trial court set forth the following reasons for imposing the sentences:

I've considered all the factors of Code of Criminal Procedure Article 894.1. In this case there was economic harm to the victims and it was considerable. There were no substantial grounds to justify or excuse the Defendant's conduct. The Defendant was not provoked by the victims or any other. The Defendant is about forty years of age. He is not married, he has five children. He appears to be in good health. I have nothing as far as any information about any past employment record. He has an eighth grade education. I have no information about any history of any drug or alcohol abuse other than he did receive some treatment in 1999. He does have a somewhat lengthy past criminal record. He has had five prior burglaries and is considered to be a third offender class. It does not appear that probationary treatment would be something that the Defendant would likely respond to. There is an undue risk that during a period of suspension the Defendant might commit another crime and the Defendant does appear to be in need of correctional treatment. Any lesser sentence given would deprecate the seriousness of the Defendant's offenses.

In this case, Defendant had numerous prior convictions: burglary in Texas in 2001; illegal possession of stolen things and simple burglary in Beauregard Parish in 2004; five counts of simple burglary in Vernon Parish in 2008; and, simple burglary and simple criminal damage to property in Beauregard Parish in 2008. Additionally, the State dismissed twenty-one charges in exchange for Defendant pleading guilty to the five counts of simple burglary. Further, the trial court ordered the sentences on the five counts to run concurrently to each other. Given this lengthy criminal history, the trial court did not abuse his discretion in imposing the twelve year sentences.

Accordingly, this assignment of error is meritless.

## CONCLUSION

Based upon the foregoing, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.