395 So.2d 802 (1981)
STATE of Louisiana
v.
Northell THOMAS, Jr.
No. 67642.
Supreme Court of Louisiana.
March 2, 1981.
Rehearing Denied April 6, 1981.
*803 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Terry Lindsey, Asst. Dist. Atty., for plaintiff-appellee.
Stephen A. Glassell, Whitmeyer & Glassell, Shreveport, for defendant-appellant.
ELLIS, Justice ad hoc.[*]
Northell Thomas, Jr., was charged by bill of information with two counts of simple robbery: first, that on June 12, 1979, he robbed Mrs. Geneva H. Phillips and second, that on March 8, 1979, he robbed Mrs. Beverly J. Reagan. Thomas waived trial by jury, and was tried by the judge alone. He was found guilty on both counts, and sentenced to serve seven years at hard labor on the first and six years at hard labor on the second count, to run consecutively. He has appealed both his conviction and sentence.
ASSIGNMENT OF ERROR NO. 1
Prior to the trial, the defendant filed a motion to suppress the line-up identification of the defendant. In brief he alleges that the evidence at the hearing on the motion shows that the manner in which the line-up was conducted rendered his identification impermissively suggestive, which tainted the identification of defendant at the trial. Defendant does not point out any particular in which the manner in which the line-up was conducted was improper. We have carefully reviewed the record, and find no impropriety in the conduct of the line-up. The assignment of error is without merit.
ASSIGNMENTS OF ERROR NOS. 2, 3, AND 4
Defendant filed a pre-trial motion to quash and a motion to sever the charges against him, which were denied. Before the trial began, he moved for a severance of the two counts, and the motion was denied. After the presentation of the evidence on count no. one, defendant moved once again for a severance, and the motion was denied.
Article 495.1 of the Code of Criminal Procedure reads as follows:
"If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires."
In State v. Washington, 386 So.2d 1368 (La. 1980) this court found that, in amending Article 495.1 to read as above, the legislature intended to adopt the federal rule on severance, one more flexible than that which formerly pertained in Louisiana. After reviewing the federal jurisprudence, it was announced that, among the criteria for judging when prejudice might arise from joinder, were those expressed in State v. *804 Carter, 352 So.2d 607 (La. 1977), but that the amendment to Article 495.1 permitted more flexibility in fashioning relief therefrom. We further noted:
"Thus, where the parties and the judge through an orderly presentation of the evidence and careful and precise instructions, limit the possible prejudice brought about by joinder, severance may not be mandatory."
In this case, we need not consider if the Carter criteria for severance have been present. The evidence of the two crimes charged herein was simple and distinct, and, since the case was tried before a judge alone, there was no danger that the evidence in the two crimes was cumulated to the prejudice of the defendant. We therefore find no error in the rulings of the trial judge denying severance of the charges against defendant.
ASSIGNMENT OF ERROR NO. 5
After the State had presented its evidence on count no. one, defendant moved to be permitted to present his defense to that count before the State presented its evidence on count no. two. The motion was denied. Article 765 of the Code of Criminal Procedure prescribes the order of trial. We find no authority for varying the prescribed order, and defendant has cited none to us. We find no merit in this assignment of error.
ASSIGNMENT OF ERROR NO. 7
Defendant was sentenced to serve seven years at hard labor on count no. one and six years at hard labor on count no. two, with the sentences to run consecutively. Simple robbery is punishable by imprisonment with or without hard labor for not more than seven years. Defendant alleges that the sentence is excessive under Article 1, Section 20 of the Constitution of 1974, citing State v. Sepulvado, 367 So.2d 762 (La. 1979). It is argued that defendant was 20 years old when the offenses were committed, and had no prior felony convictions, and that the imposition of the maximum sentence in one case, and six years in the other, to run consecutively, was excessive.
The trial judge articulated his reasons for the sentence imposed, as required by Article 894.1 of the Code of Criminal Procedure. He said:
"The offenses in this case are extremely serious. You apparently contemplated some harm to the victims, in fact, frankly committed some harm to the victims. Particularly in the first case.
"Any lesser sentence than incarceration would deprecate the seriousness of the offense. I see no provation or excuse except that you wanted the money.
"Neither offense was induced by the victim. Because of the nature of the offense and the way it was committed, I think it's likely to reoccur.
"I'm aware of the fact that since the date of your arrest, you've been out on bond for a long period of time and have not committed any other offense. I've considered all that.
* * * * * *
"I note you had a previous traffic offense, andcareless and reckless driving, no drivers license
* * * * * *
"You were fined $341.00 and alternatively a jail termI can't read it, and 75 days in jail, which was suspended.
"And you also got a suspended sentence for trespassing in the past.
"I understand you're not married and your last job was about three weeks previous to your arrest. Do you have anything else that you wish me to consider in mitigation."
The defendant had nothing to say in mitigation of his sentence other than to question the actions of the police and the ability and integrity of his attorney. None of the grounds which, under Article 894.1 B, should be accorded weight by the sentencing judge in determining the propriety of suspension of sentence or probation appear to be present in this case. The trial judge is given wide discretion in the imposition of sentence, and his determination will not be *805 disturbed in the absence of manifest abuse of that discretion. State v. Sepulvado, supra; State v. Spencer, 374 So.2d 1195 (La. 1979). Under the circumstances of this case, we find no abuse of that discretion.
The conviction and sentence are therefore affirmed.
DIXON, C. J., concurs with reasons.
LEMMON, J., concurs and assigns reasons.
DIXON, Chief Justice (concurring).
I respectfully concur, believing the denial of the severance to be harmless because of strong evidence in each robbery in this trial before a judge alone.
LEMMON, Justice, concurring.
This was a bench trial. Therefore, the inquiry of whether evidence of the two crimes would have been respectively admissible in separate trials is not as critical as in a jury trial, where severance would have meant evidence of each crime would have been heard by separate juries. Here, the trial judge could have granted the severance, heard the evidence of the first crime, pronounced judgment, and then proceeded immediately to hear the evidence of the second crime. Under that permissible procedure, in which the trial judge (in the trial of the first offense) would have been aware of the charge and of some of the evidence (revealed at pretrial hearings before the judge) pertaining to the second offense, the prejudicial effect would not have been appreciably less than it was in the procedure employed.
I therefore conclude that denial of the severance did not present an abuse of discretion.
As to the sentence, the Legislature (shortly after the two offenses in this case) classified purse snatching as a separate and more serious crime. See R.S. 14:65.1. While defendant could not have been charged with purse snatching, the trial judge could properly have considered the subsequent legislative determination as to the seriousness of the offense.
NOTES
[*] Judges Ellis, Cole and Watkins of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Watson, and Lemmon.