GULOTTA, Chief Judge.
Roger Smith aka Larry Mattison was convicted of simple robbery, LSA-R.S. 14:65 and sentenced to serve seven years at hard labor.[1] In his sole assignment of error, defendant contends that the sentence imposed is excessive. We affirm.
Before turning to defendant’s assignment of error, we have reviewed the record for errors patent and have found none.
In support of his contention that his sentence is excessive, defendant points out that the victim suffered no physical injury and that he had retrieved all of his money. Additionally, defendant maintains that other than his prior Virginia conviction for breaking and entering, his lack of criminal history prior to the instant offense does not warrant imposition of the maximum sentence. We disagree.
The trial court, in its reasons for imposition of sentence, statéd in pertinent part:
“.... The facts show that the defendant acosted the victim while the victim was on his way home from work, threw him down onto the ground and held him there while he removed $145.00 from his pocket.
The defendant is 30 years old, single ... He admits to have been loitering on a Vieux Carre street corner at 11:30 p.m. on the date of the crime with two other transiants [sic] smoking marijuana and drinking wine.
His criminal history shows arrests in 1976 and 1977 for robbery; 1978 for burglary; 1982 for escape, rape, sodomy, and breaking and entering; 1983 for larceny, possession of stolen property, breaking and entering, felonious assault and rape; 1984 for assault and battery, grand larceny, breaking and entering, and carrying a concealed weapon; 1985 for theft, receiving stolen property, possession of ash sh [sic], and sexual battery.
He was convicted in Virginia in 1978 for burglary and sentenced to serve five years in the penitentiary. It is readily apparent from this defendant’s record that he is nothing more than a predator upon the law-abiding citizens of this and other communities....
It is the opinion of this Court that this defendant’s crime is entirely unmitigated. That his character and attitudes make it highly likely that he will commit another crime and is thus in need of a substantial period of correctional treatment in a custodial environment.”
A sentence within the statutory limit is constitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering”. State v. Brogdon, 457 So.2d 616 (La.1984), certiorari denied Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Caston, 477 So.2d 868 (La. 4th Cir.1985). In reviewing the maximum statutory sentence, it is incumbent for a reviewing court to determine whether the trial judge adequately complied with the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982). Although a judge need not specifically recite each of the factors listed in LSA-C.Cr.P. Art. 894.-1, the record must reflect that he adequately considered the sentencing guidelines and that there is adequate factual basis for the sentence imposed. State v. Soco, supra.
Having reviewed the transcript of the sentencing hearing, we cannot say the judge failed to consider the statutory *831 guidelines or to justify the sentence with factual reasons. In imposing sentence the trial judge considered the defendant’s age, his history of criminal offenses, the facts of the instant offense, including the nature of the attack on the victim, and the fact that defendant’s “character and attitudes” created a probability that he would commit other crimes. Under such circumstances, the trial judge adequately complied with the provisions contained in LSA-C.Cr.P. Art. 894.1. Consequently, we cannot say the maximum sentence is excessive.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED

. The State had filed a bill of information charging defendant and two co-defendants, Jimmy Cole and Gary Wilson, each with simple robbery. Subsequently, the State nolle prosequied the charges against Cole and Wilson. The maximum sentence for simple robbery under LSA-R.S. 14:65 is imprisonment with or without hard labor for not more than seven years and/or a fine of not more than $3,000.00.