660 So.2d 571 (1995)
STATE of Louisiana, Appellee,
v.
Ronald Thomas WILSON, Appellant.
No. 27228-KA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1995.
*573 Steven R. Thomas, Public Defender, Mansfield, for appellant.
Richard Ieyoub, Attorney General, Baton Rouge, Don M. Burkett, District Attorney, Richard Z. Johnson, Jr., Asst. District Attorney, Mansfield, for appellee.
Before WILLIAMS and STEWART, JJ., and PRICE, J., Pro Tem.
WILLIAMS, Judge.
The defendant, Ronald Thomas Wilson, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. After trial by jury, he was found guilty of simple robbery, a violation of LSA-R.S. 14:65. The defendant was sentenced to serve seven years at hard labor. On appeal, the defendant challenges his conviction and sentence, alleging that the evidence is insufficient to support his conviction and that the sentence imposed is excessive. For the following reasons, we affirm.

FACTS
On March 20, 1992, Emit Robertson, age sixty-eight, was beaten and robbed. The record shows that the incident occurred at approximately 7:30 a.m. in front of the neighbor's yard where Mr. Robertson was trimming the hedges. A brown Buick Riviera with Kansas license plates approached the yard and stopped. The man in the car called out to Mr. Robertson, saying that he had been sent to inquire about hiring him to do some work. Mr. Robertson stopped his work and walked to the passenger's side of the car, carrying his hedge clippers with him. The man got out of the car and walked around to where Mr. Robertson stood. The man produced a .22 caliber rifle and aimed it at Mr. Robertson, ordering him to "get back." Mr. Robertson attempted to defend himself with his hedge clippers, but a struggle ensued and the two men fell into a deep ditch. As they struggled, the assailant repeatedly beat Mr. Robertson in the face and demanded his wallet. Eventually, the man tore Mr. Robertson's overall pocket and took the wallet out. After obtaining the wallet, the man left in his car.
Mr. Robertson climbed out of the ditch and went to his neighbor's house to call the police. Shortly afterwards, Mr. Robertson gave the police precise descriptions of the assailant and the assailant's car. Two anonymous callers telephoned "Crime Stoppers" to report the incident and identified the defendant as the man who had committed the robbery. Later that day, Mr. Robertson identified the defendant from a photographic line-up as the man who robbed him.

DISCUSSION

Sufficiency of the Evidence:
By this assignment of error, the defendant contends the evidence is insufficient to support his conviction. The defendant argues that the victim's identification of him was unreliable and asserts there is a possibility the jury would have rejected such identification if the jury had received different instructions regarding eyewitness identifications. Since the defendant does not challenge the trial court's denial of his requested jury instruction on eyewitness identifications, the essence of the his argument is that the evidence *574 does not sufficiently prove he is the person who robbed the victim.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La. App.2d Cir.), writ denied, 605 So.2d 1089 (La.1992). The Jackson standard is applicable in cases involving both direct and circumstantial evidence. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App.2d Cir.1988). This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. LSA-La. Const., Art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984).
In cases involving a defendant's claim that he was not the person who committed the crime, the Jackson rationale requires the state to negate any reasonable possibility of misidentification in order to carry its burden of proof. State v. Long, 408 So.2d 1221 (La.1982); State v. Chism, 591 So.2d 383 (La.App. 2d Cir.1991); State v. Ford, 26,422, (La.App. 2d Cir. 09/21/94), 643 So.2d 293. A witness's failure to identify the suspect at a pretrial lineup is not grounds to bar the in-court identification; rather, it affects the weight of the testimony. Evidence may be introduced to explain any discrepancy. Long, supra; Chism, supra; Ford, supra. Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Miller, 561 So.2d 892 (La.App. 2d Cir.), writ denied, 566 So.2d 983 (La.1990); State v. Royal, 527 So.2d 1083 (La.App. 1st Cir.), writ denied, 533 So.2d 15 (La.1988). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987).
In the present case, the victim made a positive in court identification of the defendant as the man who assaulted him and forcefully took his wallet. Mr. Robinson testified that during the ordeal, he got a good, close look at his assailant and he had no doubt that the defendant is the man who robbed him.
Officer Percy Myles, the investigating officer who arrived at the scene immediately after the incident, testified that Mr. Robertson looked disarrayed, had a bruised nose and a torn pocket. Officer Myles testified that Mr. Robertson gave a description of his assailant and of his assailant's car. Within eleven hours after the incident, Officer Horace Womack, who had received anonymous tips identifying the defendant as the assailant, conducted a photographic line-up. Officer Womack testified that Mr. Robertson confidently selected the defendant's picture from the photographic line-up without showing any doubt that it was a picture of his assailant.
Additionally, Mr. Robertson testified that the defendant was driving a brown Buick Riviera with Kansas license plates. Other witnesses corroborated Mr. Robertson's testimony. Robert Neal, the victim's neighbor, testified that a few minutes before discovering what had happened to Mr. Robertson, he saw a brown Buick Riviera with Kansas license plates driving away from the scene of the offense. Dennis Colbert, one of the defendant's relatives, and Officer Gary Hobbs each testified that within one month of the incident, they had seen the defendant in Mansfield, Louisiana, either riding in or driving a brown Buick Riviera with Kansas license plates. In contrast, the defendant testified that he was in Russell, Kansas, on the day of the offense and had not been in Louisiana since December 1991. Deborah Newman, defendant's alibi witness, could testify only that she had seen the defendant in Kansas sometime during 1992. She further testified that she did not see the defendant on a regular basis and she did not know whether he was in Kansas on or around the date of the offense.
During the trial, the jury evaluated the witnesses' testimony. Defense counsel competently *575 cross-examined each witness, pointing out the discrepancies in the evidence. Apparently, the jury found Mr. Robertson to be more credible and rejected the defendant's testimony. Our review does not extend to credibility determinations, and we accord great deference to the jury's decision in this regard. After reviewing the record in a light most favorable to the prosecution, we do not find that a reasonable possibility of misidentification exists. Accordingly, the evidence sufficiently shows that the defendant is the person who committed the robbery.
This assignment of error lacks merit.

Excessive Sentence:
The defendant contends the trial court erred by imposing an excessive sentence. He argues that the trial court considered inappropriate aggravating circumstances and, therefore, unjustifiably departed from the guidelines.
No sentence shall be set aside due to the failure of the trial court to sentence a defendant in accordance with the Guidelines. LSA-C.Cr.P. Arts. 881.4, 881.6, 894.1; La. S.G. § 103(J). See also State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237, 241. "[T]he Guidelines are advisory in nature. All that a trial judge is required to do is consider the Guidelines and state for the record the considerations taken into account and the factual basis for the sentence imposed." State v. Smith, supra at 243; LSA-C.Cr.P. Art. 894.1. "[W]here the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines." State v. Smith, supra at 240.
In this case, the trial court correctly noted in written reasons for sentence that simple robbery is a grid level three offense and that, under the guidelines, the defendant is classified as a 3-G grid cell offender. La. S.G. §§ 205(C)(3), 401 & 402. The trial court also correctly noted that the sentence range recommended by the guidelines for a defendant with this grid cell classification is 24 to 48 months at hard labor. LA.S.G. § 403(A). The trial court then expressly stated that it had considered the guidelines and was departing therefrom, giving specific reasons for doing so.
In imposing the sentence, the trial court considered the fact that the defendant's victim was an older gentleman and that the defendant used actual violence (physically beat his victim) during the commission of the robbery. Under the guidelines, the offender's knowledge of the victim's vulnerability due to advanced age and the offender's conduct which manifests deliberate cruelty to the victim are appropriate aggravating circumstances. La.S.G. § 209(B). Since one aggravating circumstance is sufficient to justify an upward departure from the recommended grid, State v. Tate, 25,765 (La.App. 2d Cir. 02/23/94), 632 So.2d 1213, we pretermit a determination of whether the other trial court considerations were appropriate.
After reviewing the record, we find the trial judge considered the guidelines and adequately stated for the record the considerations taken into account and the factual basis for imposing the sentence. Therefore, this court is limited to reviewing the sentence for constitutional excessiveness. State v. Smith, supra.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
Maximum sentences are appropriately imposed only for the most serious violations of the described offense and for the worst kind of offenders. State v. Penn, 633 *576 So.2d 337 (La.App. 1st Cir.1993). In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions and may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App.2d Cir.), writ denied, 452 So.2d 695 (La.1984). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Thompson, 25,583 (La.App. 2d Cir. 01/19/94), 631 So.2d 555.
In this case, the defendant, a first felony offender, was sentenced to serve the maximum sentence allowed for a simple robbery conviction. In State v. Thomas, 395 So.2d 802 (La.1981), the Louisiana Supreme Court affirmed the imposition of a maximum sentence on a twenty-year old first felony offender who was convicted on two counts of simple robbery. After noting the defendant acted without provocation and physically harmed his victims, the trial court imposed the maximum sentence on the first count and ordered it to be served consecutively with a six-year sentence on the second count.
In the instant case, the defendant, at age thirty, preyed upon an elderly gentleman who, because of his advanced age, was particularly vulnerable. Not only did the defendant act without provocation, but he used a ruse to lure his victim to him. Also, there was some evidence showing that the defendant used a gun during the commission of this crime. More importantly, before robbing the victim, the defendant wrestled him to the ground and repeatedly struck him in the face. The record in this case shows that the defendant's heinous conduct constituted more than a typical simple robbery offense. Additionally, the defendant has previously been involved with the criminal justice system. The defendant's sentencing transcript reflects that three months prior to the imposition of the instant sentence, he was convicted of misdemeanor grade illegal possession of stolen things. He was arrested in 1989 for possession of cocaine and drug paraphernalia. Based on a review of the record, we find that the sentence imposed is not constitutionally excessive.
This assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.