Dear Judge Fuselier:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. In particular, you have asked the following question:
 May a city judge, who imposes imprisonment for the violation of a city ordinance, include in such sentence the condition that the prisoner shall not be eligible for work release programs or trusteeship?
Generally, the trial judge is given wide discretion in the imposition of sentence as long as the sentence does not exceed statutory and constitutional limits. State v. Lanclos,419 So.2d 475 (Sup. 1982). Furthermore, his determination will not be disturbed in absence of manifest abuse of that discretion. Statev. Thomas, 395 So.2d 802 (Sup. 1981). The matter of work release programs and trusteeship in misdemeanor convictions, such as the violation of a municipal ordinance, is governed by La. R.S.15:711, which states in pertinent part:
 B. Each sheriff shall establish written rules for the administration of the work release program and shall determine those inmates who may participate in the release program, except that no inmate may participate in the program if his sentence so stipulates. (Emphasis added)
This language clearly indicates that sentencing judges have the authority to stipulate as a condition to a prisoner's sentence, non-eligibility for work release or trustee programs. This is consistent with a judge's broad powers to suspend sentences under C.Cr.P art. 894 and to condition probation under C.Cr.P. art.895. For misdemeanor convictions, the sheriff establishes the written rules of administration and determines which prisoners are eligible for work release programs, but his authority is subject to the power of the sentencing judge to set any condition that is within constitutional and statutory limitations.
Therefore it is the opinion of this office that a city court judge has the authority to stipulate that the prisoner shall not be eligible for work release or trustee programs when sentencing that prisoner for violation of a city ordinance.
I hope this opinion has adequately addressed your questions. If this office can be of further assistance, please do not hesitate to contact us. With warmest regards, I am
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ ELLISON C. TRAVIS Assistant Attorney General