976 So.2d 763 (2008)
STATE of Louisiana
v.
Joseph FOUNTAIN.
No. 2007-KA-1004.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 2008.
*764 Eddie J. Jordan, Jr., District Attorney, David S. Pipes, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge EDWIN A. LOMBARD).
JOAN BERNARD ARMSTRONG, Chief Judge.
The defendant, Joseph Fountain, was charged by bill of information with simple robbery, a violation of La. R.S. 14:65. On April 28, 2005, the defendant was arraigned and entered a plea of not guilty. On September 27, 2006, following a jury trial, the defendant was found guilty as charged. He was sentenced on March 2, 2007 to serve seven years at hard labor with credit for time served but without eligibility for good time. The defendant's motion to reconsider his sentence was denied. On appeal the defendant raises one assignment of error.
Officer Christopher Harris testified that he was on patrol on February 20, 2005 when he received a dispatch to proceed to 9201 Airline Highway, the location of a Circle K convenience store, in response to a 911 call that a fight was in progress at that location. Upon arrival, Officer Harris stated that he observed the victim, Michael Warren, who was bleeding from his face and whose eyes were beginning to swell shut. He also observed blood splatter and a white tennis shoe in the parking lot area of the store. He called for an ambulance, the crime lab and Detective Michael Sam. He directed the crime lab to collect the tennis shoe as evidence and to take photographs of the crime scene and the victim. During his initial on-scene investigation, he learned of the identity of a suspect.
Detective Michael Sam testified that on February 20, 2005, Officer Harris contacted him about an incident that had occurred at the Circle K convenience store on Airline Highway. Upon arrival at the scene, he spoke to Raymond Farr, the store employee. He subsequently spoke to the victim who had been transported to the hospital. He developed a suspect and obtained an arrest warrant for the defendant. He later compiled a six photograph line-up which included defendant's photograph and showed the line-up to Mr. Farr and Mr. Warren. Mr. Warren was unable to make a positive identification. Mr. Farr positively identified the defendant as the person who attacked and robbed Mr. Warren.
On cross-examination, Detective Sam testified that he obtained and secured a surveillance video from the store's cameras which showed the entire incident. He stated that he viewed the tape with Mr. Farr.
*765 Michael Warren testified that on the night of February 20, 2005, he walked to the Circle K convenience store on Airline Highway, which was located next door to the London Lodge Motel where he was staying. He walked up to the store window and got in line to purchase a pack of cigarettes. When he approached the store window, he placed a five dollar bill inside the drawer and asked for a pack of cigarettes. At that moment, he felt a hand on his right rear wallet pocket and heard a voice over his shoulder say, "I need some money," or "give me some money." Warren grabbed for his wallet and turned to see who was behind him. As he turned, he was punched in his left temple, and his glasses got broken. The attacker then dragged the victim into the parking lot near the gas pumps and began to beat him until he was able to take his wallet. Warren saw the attacker run across Airline Highway. He testified that the bones around his eyes were broken, his nose was broken and he sustained multiple lacerations from his broken glasses. He stated that his wallet contained a Winn Dixie card, photographs of his family, his Dutch driver's license and between $120 and $140 dollars in cash.
Raymond Farr testified that on February 20, 2005, he was employed by the Circle K convenience store on Airline Highway. He stated that he knew the defendant, who was a regular customer at the store. He confirmed that the store had a surveillance video camera which was operating on that date. He testified that Mr. Warren was standing in line at the security window when the defendant walked up behind Warren. He heard Warren scream, "He's trying to take my bill fold." Farr ordered the defendant to leave the premises. The defendant began beating Warren and trying to take his wallet. He testified that the defendant had Warren upside down, was biting his leg, and was kicking him in the head. He immediately telephoned 911 to report the incident. He stated that when he spoke to the police, he identified the defendant as the perpetrator from a photographic line-up and from the video surveillance tape taken from the store cameras.
Carney Johnson, an employee of the communication division of the New Orleans Police Department, testified that he was one of the custodians of the 911 calls which were recorded in the normal course of Police Department business. He stated that he did not have an audio tape of the 911 call because of a power failure, however, he did have a paper print out of the call which showed that a call was received by someone identifying himself as Raymond and telling the 911 operator that a black male named Joseph was beating a white male outside the store.
A review for error patent reveals none.
By his sole assignment of error, the defendant asserts that his statutory maximum sentence of seven years at hard labor without eligibility for good time is unconstitutionally excessive and constitutes cruel and unusual punishment. He argues that the trial court failed to articulate any factual basis for the maximum sentence and failed to consider the mitigating factors of alcohol and drug abuse and defendant's health status as HIV positive. He further argues that instead of denying defendant eligibility for good time, the trial court should have considered placing conditions on defendant's eligibility for good time to help him correct his bad behavior.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person . . . to cruel, excessive or unusual punishment."
A sentence is constitutionally excessive if it is either grossly disproportionate *766 to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992). A grossly disproportionate sentence is one that "when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice." Id. An appellate court will not set aside a sentence absent a showing of manifest abuse of the trial court's broad discretion to impose sentences within the statutory range. Id. A reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La. 1982); State v. Caston, 477 So.2d 868 (La. App. 4th Cir.1985). Even where there has not been full compliance with Article 894.1, remand is not necessary where the record clearly shows an adequate factual basis for the sentence imposed. State v. Lanclos, 419 So.2d 475 (La.1982). If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, Id.; State v. Guajardo, 428 So.2d 468 (La.1983). However, even a sentence within the statutory range can violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762, 767 (La.1979).
In this case, the defendant was convicted of simple robbery. Pursuant to La. R.S. 14:65, simple robbery is punishable by imprisonment from zero to seven years with or without hard labor, and/or a fine of up to three thousand dollars, or both. Simple robbery is a crime of violence pursuant to La. R.S. 14:13 which brings it within the ambit of La.C.Cr.P. art. 890.1(B), which provides: "the sentencing court may deny or place conditions on eligibility for diminution of sentence for good behavior".
Prior to sentencing the defendant, the trial court reviewed the pre-sentence investigation report. The report showed that the defendant was a fourth class felony offender. His criminal record extended back to 1979 when he was convicted as a juvenile for simple battery. As an adult, his criminal record consisted of both felonies and numerous misdemeanor arrests and convictions including seven convictions for public drunkenness. His prior felony convictions consisted of simple robbery in 1981 and simple kidnapping and forcible rape of a thirteen year old girl in 1989. He showed no remorse and consistently denied committing the instant offense as well as all prior felony offenses. He stated that he had two daughters but never paid child support. He was addicted to alcohol and heroin. It was noted that he often loitered and drank on the premises of the Circle K convenience store, and because of this activity, he had an ongoing "feud" with Raymond Farr.
It was determined that he was not eligible for Intensive Incarceration or Intensive Parole Supervision because of his status as a fourth offender and a sex offender. In addition, the trial court took into consideration the pain and suffering of the victim stemming from his severe injuries which included several broken facial bones.
In State v. White, 35,235 (La.App. 2 Cir.10/31/01), 799 So.2d 1165, the court imposed on the defendant a seven year maximum sentence for simple robbery to be served consecutively with sentences for conspiracy to commit simple robbery and *767 second-degree battery where the victim sustained broken jaws on both sides of the face requiring thousands of dollars in medical bills for reconstructive surgery.
In State v. Wilson, 660 So.2d 571 (La. App. 2 Cir.1995), the court imposed on the defendant, a first felony offender, a seven year maximum sentence where the defendant acted without provocation, using a ruse to lure the victim to him, used a gun during the robbery and before robbing the victim wrestled him to the ground and repeatedly struck him in the face. The defendant had previous misdemeanor arrests and convictions for possession of drugs and drug paraphernalia.
In State v. Capano, 466 So.2d 649 (La. App. 5 Cir.1985), the court imposed on the defendant the maximum seven year sentence where the defendant, who was sixteen at the time of the offense, had an extensive juvenile record and the pre-sentence investigation indicated that he committed crimes on a regular basis and that he would likely commit another crime if not committed to an institution for an extensive period of time.
Given the above facts and the circumstances of this case, and the similarity to the above cited cases, the trial court did not abuse its discretion in imposing the instant sentence.
Accordingly, the defendant's sole assignment of error lacks merit.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.