JUDE G. GRAVOIS, Judge.
 

 |2Pefendant Olvin A. Aguilar was convicted by a judge of simple robbery, a violation of LSA-R.S. 14:65. On appeal, he argues that he received an excessive sentence. For the reasons that follow, we affirm.
 

 PROCEDURAL HISTORY
 

 The Jefferson Parish District Attorney’s office charged defendant Olvin A. Aguilar with armed robbery, a violation of LSA-R.S. 14:64, by a bill of information filed on September 17, 2008. The bill of information alleged that Aguilar and two accomplices committed the armed robbery of Wallace Gomez on July 18, 2008. Defendant was arraigned on September 19, 2008 and pled not guilty.
 

 Following several continuances, defendant proceeded to trial on August 12, 2009. Immediately prior to the start of his trial, defendant waived his right to a trial by jury. Defense motions to sever the defendants for trial were granted. During the trial, defendant’s motion to suppress his statements was denied. At the conclusion of the trial, the trial judge found defendant guilty of the lesser charge of simple robbery, a violation of LSA-R.S. 14:65. Defendant waived sentencing delays. The trial judge proceeded to sentence defendant to seven years | ¡¡imprisonment at hard labor, with credit for time served. This timely appeal followed.
 

 FACTS
 

 Charles Henning testified that he witnessed the robbery of the victim, Wallace Gomez.
 
 [1]
 
 He testified that he had known Mr. Gomez for many years. Around 1:00 p.m. on the day of the robbery, Mr. Hen-ning was driving a van to his workplace when he saw Mr. Gomez walking towards his place of business, Gomez’s Bar, located near Fourth and Eiseman Streets in Mar-rero. Mr. Henning explained that Mr. Gomez lived behind the bar and had just pulled up in his car. Mr. Henning waved to Mr. Gomez as he walked to the bar with a white bag in his hand. Mr. Henning knew that there was money in the bag because Mr. Gomez cashed a lot of checks for working people at the bar and usually made several trips to the bank each day.
 

 As Mr. Henning drove away, he looked in his side-view mirror and saw a Ford Mustang automobile pull up near Mr. Gomez. One man jumped out of the Mustang and tackled Mr. Gomez. Mr. Henning stopped his van, got out and ran towards Mr. Gomez and his assailant, hollering at the assailant, later identified as defendant, to get off of Mr. Gomez. As he approached, a second man, Oscar Marquez, got out of the car with a knife and threatened Mr. Henning, who then backed off. The second man grabbed the bag of money and the two men jumped back in the car and left the scene. After confirming that Mr. Gomez was all right, at Mr. Gomez’s request, Mr. Henning jumped into his van and followed the suspects, calling 911 from his vehicle along the way and providing authorities with a description of the suspect vehicle and its license plate number.
 

 At some point Mr. Henning was unable to continue following the Mustang. He then called 911 again and learned that a vehicle fitting the description in question had been stopped in the parking lot of Laborie’s Supermarket in Marrero.
 

 
 *721
 
 Officer Mark Layrisson of the Jefferson Parish Sheriffs Office testified that he and his partner, Sergeant Susan McCartney, were patrolling in the area when they heard a broadcast of the robbery on their police radio with a description of suspect vehicle and its license plate number. They then observed the suspect vehicle traveling by them at a high rate of speed. After they confirmed the license plate number, they followed the Mustang with their emergency lights on and pulled the Mustang over in the parking lot of Laborie’s Supermarket. They removed all three occupants from the Mustang at the same time, and proceeded to detain and handcuff them. Officer Layrisson identified defendant as the driver of the Mustang.
 

 As Officer Layrisson viewed the vehicle after the occupants were removed from the vehicle and detained, he saw a white bag in plain view in the vehicle on the floor sticking out from under the passenger seat. He retrieved the bag and saw that it contained a large amount of currency and coins.
 
 [2]
 
 Officer Layrisson also saw several knives in the Mustang. No knives were found on any of the car’s occupants, however. Another officer transported Mr. Gomez to the scene of the arrest, where he identified defendant as his assailant from moments earlier.
 

 Both Officer Layrisson and Sgt. McCartney testified that none of the suspects were questioned at the scene of the arrest.
 

 Detective Kevin Balser of the Jefferson Parish Sheriffs Office testified that he became involved in the investigation of this robbery after the arrests had been made. He transported Mr. Gomez to the arrest scene for the identification. He said j fithat he did not question any of the suspects until Deputy Falcon arrived. Deputy Falcon, who spoke fluent Spanish, translated Detective Balser’s advice of rights to defendant and also translated defendant’s taped statements that were taken later that day at the detective bureau.
 

 Deputy Falcon testified that he is fluent in Spanish, it being his first language. While he was not a certified translator, he assisted Detective Balser in this case by translating Detective Balser’s statements to defendant and vice versa. He stated that he did not interject any of his own statements, but rather only translated what Detective Balser said into Spanish and what defendant said into English.
 

 The trial court denied defendant’s motion to suppress his statements. The tapes of defendant’s statements were played in Court. In those statements, defendant related that while at the bank with his two friends, they saw Mr. Gomez, whom he described as a “very old” man, leave the bank with a bag they guessed contained money. They decided to follow him, rob him, and divide the money. They pulled up in their car as he was getting out of his car with the money. Defendant went to Mr. Gomez and tried to grab the money bag away from him, and he and Mr. Gomez struggled. A bystander tried to intervene, whereupon defendant’s friend got out of the car. Defendant stated that he pulled the bag of money from the victim and then the three men left in the Mustang.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 Defendant contends that his sentence is constitutionally excessive because it is disproportionate to the crime and to his history. He further contends that his case should be reversed and remanded for re-sentencing in conformity with LSA-C.Cr.P. art. 894.1 because the trial court
 
 *722
 
 failed to consider any mitigating | (¡circumstances or give any reason for imposing the maximum sentence under LSA-R.S. 14:65.
 

 The State responds that defendant’s sentence is not excessive because the trial court did not abuse its broad sentencing discretion. Specifically, noting that defendant was originally charged with armed robbery because a knife was used in the commission of the robbery, and considering the violent nature of the crime, the State responds that the record supports the sentence imposed. The State further responds that defendant’s sentence, which is within the statutory limits, does not qualify as one of the rare cases in which the judiciary has authority to find such sentences excessive.
 

 Defendant did not file a motion to reconsider sentence in the trial court below, nor did he object at the time of sentencing as required by LSA-C.Cr.P. art. 881.1. The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence only for constitutional excessiveness.
 
 State v. Dupre,
 
 03-256, p. 7 (La.App. 5 Cir.5/28/03), 848 So.2d 149, 153, writ denied, 03-1978 (La.5/14/04), 872 So.2d 509.
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.
 
 State v. Lobato,
 
 603 So.2d 739, 751 (La. 1992). Even though 17a sentence is within statutory limits, it can be reviewed for constitutional excessiveness.
 
 Smith,
 
 01-2574 at 6, 839 So.2d at 4.
 

 In reviewing a sentence for excessiveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing the sentence.
 
 State v. Polizzi,
 
 05-478, p. 16 (La.App. 5 Cir. 2/14/06), 924 So.2d 303, 313. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.
 
 Id.
 

 The trial judge is afforded wide discretion in determining a sentence and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed, even when the trial judge does not provide reasons for the sentence.
 
 Polizzi,
 
 05-478 at 16, 924 So.2d at 313. The issue on appeal is whether the trial court abused its broad discretion, not whether another sentence might have been more appropriate.
 
 Polizzi,
 
 05-478 at 17, 924 So.2d at 314.
 

 Simple robbery is defined as the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by the use of force or intimidation, but not armed with a dangerous weapon. LSA-R.S. 14:65. Simple robbery is a felony and is defined as a “crime of violence” under La. R.S. 14:2(B)(23). Whoever commits the crime of simple robbery shall be fined not more than three thousand dollars, imprisoned with or without hard labor for not more than seven years, or both.
 

 
 *723
 
 In the present case, defendant received no fine, but was sentenced to seven years imprisonment at hard labor, the maximum amount of time allowed under the statute.
 

 In
 
 State v. Thomas,
 
 395 So.2d 802, 803 (La.1981), the defendant was found guilty of two counts of simple robbery and sentenced to serve seven, years at hard labor on the first count and six years at hard labor on the second count, to run consecutively. In affirming the imposition of a maximum sentence, the Louisiana Supreme Court noted that the defendant, a twenty-year old first felony offender, acted without provocation and committed some harm to his victims, particularly in the first case.
 
 Id.
 
 at 804.
 

 In
 
 State v. Wilson,
 
 27,228, p. 1 (La.App. 2 Cir. 8/23/95), 660 So.2d 571, 573, the defendant, a first felony offender, beat and robbed a sixty-eight year old man. Because he was armed with a .22 caliber rifle, the defendant was originally charged with armed robbery.
 
 Id.
 
 A jury subsequently found the defendant guilty of simple robbery, and he was sentenced to seven years at hard labor.
 
 Id.
 
 In imposing the sentence, the trial court considered as aggravating circumstances the fact that the victim was an elderly gentleman and that the defendant inflicted physical harm on the victim during the commission of the robbery.
 
 Wilson,
 
 27,228 at 5, 660 So.2d at 575. On appeal, the defendant argued that his sentence was excessive.
 

 In determining that the sentence imposed was not constitutionally excessive, the court of appeal noted that the defendant preyed upon an elderly man, who was therefore particularly vulnerable, that the defendant acted without provocation, and that a gun was used during the commission of the crime.
 
 Wilson,
 
 27,228 at 6, 660 So.2d at 576. The court of appeal also noted that the defendant wrestled the victim to the ground and repeatedly struck him in the face.
 
 Id.
 
 Finally, the court of appeal noted that the defendant had prior criminal involvement, including a misdemeanor conviction and an arrest for possession of cocaine and drug paraphernalia.
 
 Wilson,
 
 27,228 at 7, 660 So.2d at 576. The court of appeal concluded that the defendant’s “heinous conduct constituted more than a typical simple robbery offense,” and affirmed his sentence.
 
 Wilson,
 
 27,228 at 6, 660 So.2d at 576.
 

 In
 
 State v. Smith,
 
 519 So.2d 829, 830 (La.App. 4 Cir.1988), the defendant accosted the victim while the victim was on his way home from work, threw the victim onto the ground and held the victim down while he searched the victim’s pockets. The defendant was convicted of simple robbery and sentenced to seven years at hard labor.
 
 Smith,
 
 519 So.2d at 830. In imposing the maximum sentence, the trial judge considered that the defendant was thirty years old, that he had prior arrests and was previously convicted of burglary, and that it was likely that the defendant would commit another crime.
 
 Id.
 
 at 829. The court of appeal affirmed the sentence, even though the victim suffered no physical injury and retrieved all of his money.
 
 Id.
 

 The above jurisprudence clearly demonstrates that, in factually similar cases, courts have held that the imposition of the maximum sentence for simple robbery is not constitutionally excessive.
 

 We find that the record in the present case more than adequately supports the sentence that was imposed. Defendant, age twenty-three, and his two accomplices targeted and robbed Wallace Gomez, an elderly gentleman who was known to frequent a particular route with large
 
 *724
 
 amounts of money.
 
 [3]
 
 Defendant acted without provocation and, in committing the robbery, knocked Mr. Gomez to the ground and wrestled a bag of money from him. Mr. Gomez sustained minor physical | ^injuries as a result of the incident. While defendant struggled with Mr. Gomez, one of his co-defendants exited the vehicle armed with a knife and approached the men, which created a risk of death or great bodily harm. Though defendant is a first felony offender, his violent conduct, and the fact that a knife was used during the commission of the crime, support the imposition of the seven-year sentence. Although the judge opined that the robbery was over by the time Mr. Marquez exited the vehicle with the knife, Mr. Marquez’s use of the knife to deter intervention by Mr. Henning in all likelihood assisted defendant in completing the robbery.
 

 Given the facts of this case, and its similarity to the above-cited cases, we find that the trial court did not abuse its broad discretion in imposing the seven-year maximum sentence on defendant. This assignment of error is without merit.
 

 ERROR PATENT DISCUSSION
 

 Defendant requests an error patent review.
 
 [4]
 
 However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether the defendant makes such a request. The following matters are noted.
 

 First, although the commitment indicates that the trial judge advised defendant of the two-year prescriptive period for seeking post-conviction relief under LSA-C.Cr.P. art. 930.8, a review of the trial transcript shows that no such advice was made. Therefore, we hereby remand the matter to the trial court with instructions to inform defendant of the prescriptive period for seeking postjconvictionu relief in writing and to file written proof in the district court record that defendant has been given such notice.
 
 State v. Savoie,
 
 09-103, p. 10 (La.App. 5 Cir. 5/12/09), 15 So.3d 207, 214 (citing
 
 State v. Fazande,
 
 05-901, p. 10 (La.App. 5 Cir. 3/28/06), 927 So.2d 507, 513-14).
 

 Furthermore, it is noted that the commitment contains another discrepancy. It states that “Defendant was found guilty by a Judge on August 12, 2009 on count 1)
 
 amended charge
 
 14:65 F III Robbery/Simple.” (Emphasis added.) Though the judge ultimately found defendant guilty of simple robbery, it does not appear that the charge was ever actually amended to simple robbery with regard to defendant.
 
 [5]
 

 With regard to the above noted discrepancies between the trial transcript and the commitment, the transcript generally prevails where there is a discrepancy between the minutes and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). Accordingly, we further remand the matter to the district court with additional instructions to correct the commitment to reflect that (1) defendant was not informed of the prescriptive period for
 
 *725
 
 seeking post-conviction relief so as to maintain consistency with the trial transcript, and (2) that, though the judge ultimately found defendant guilty of simple robbery, the original charge against defendant (armed robbery) was not amended.
 

 CONCLUSION
 

 Defendant’s sentence for conviction of simple robbery is affirmed. The matter is remanded for correction of the above-noted errors patent in accordance with the above instructions.
 

 AFFIRMED; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . Wallace Gomez was deceased at the time of trial, having been killed during another criminal incident at his business, Gomez’s Bar.
 

 [2]
 

 . The record shows that the bag contained over $70,000 in cash and checks.
 

 [3]
 

 . Defendant said in his statement that he had cashed a check at Gomez's bar before.
 

 [4]
 

 . Although defendant merely requests an error patent review and has assigned an error in his appellate brief, it is noted that the State treats this request as a review under
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
 

 [5]
 

 .The record reflects that after defendant was convicted, the co-defendants' charges were amended from armed robbery to simple robbery. There was no need for the trial court to amend the armed robbery charge brought against defendant because simple robbery is a lesser and included offense of armed robbery.