STATE OF LOUISIANA           *        NO. 2023-KA-0453

VERSUS                       *

JEREMY DILLION              *        COURT OF APPEAL

                             FOURTH CIRCUIT

                             *

                             STATE OF LOUISIANA

                    * * * * * * *

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 22-02022, DIVISION " D"
Honorable Darren M. Roy
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Dale N. Atkins, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)

Perry Michael Nicosia
District Attorney
Justin W. Stephens
Assistant District Attorney
ST. BERNARD PARISH DISTRICT ATTORNEY'S OFFICE
1101 West St. Bernard Highway
Chalmette, LA 70043

        COUNSEL FOR STATE/APPELLEE

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

        COUNSEL FOR DEFENDANT/APPELLANT

                                **AFFIRMED**

                                **NOVEMBER 17, 2023**

NEK

DNA

RDJ

The defendant, Jeremy Dillion (hereinafter "Defendant"), appeals his twenty-five year sentence for his conviction under La. R.S 14:62.8. For the following reasons, we affirm Defendant's sentence.

## Relevant Factual and Procedural History

On June 21, 2022, Charline Chimento, who was over seventy years old at the time, was at her home and opened the door to let her dogs outside. While she was attempting to close the door, the Defendant forced his way into her home. Defendant picked up Ms. Chimento, shoved her onto the sofa, and demanded that she give him money. When she stated that she did not have any money, Defendant threatened to rape her and kill her family. Ms. Chimento directed the Defendant to her bedroom where she kept a bucket of coins. While Defendant was in the bedroom, Ms. Chimento fled the residence and went to her brother-in-law's house next door. Upon hearing her story, Dominick Chimento, III, Ms. Chimento's brother-in-law, ran to her home and found the Defendant leaving with a bucket full of coins. When Mr. Chimento confronted the Defendant, Defendant struck him and escaped with the bucket of coins. Defendant was apprehended shortly thereafter.

1

After Defendant was arrested, Ms. Chimento identified him in a double-blind line-up as the man who had forced his way into her home.

The State filed a Bill of Information, which was amended multiple times, and ultimately charged Defendant with home invasion, in violation of La. R.S. 14:62.8, and sexual battery, in violation of La. R.S. 14:43.1. Defendant pled not guilty, and the case proceeded to a two-day jury trial on March 7, 2023. At the conclusion of the trial, the jury unanimously convicted Defendant for home invasion and for the lesser charge of simple battery under La. R.S. 14:35. On April 4, 2023, Defendant appeared before the district court for sentencing. After denying Defendant's motion for new trial, the district court sentenced Defendant to twenty-five years at hard labor for his home invasion conviction and to six months in parish prison for his simple battery conviction. This appeal followed.

## Assignment of Error

Defendant's sole assignment of error is that the district court erred in giving him an upper range sentence for the home invasion conviction, which he argues is excessive in light of the circumstances of his case.

## Errors Patent

In criminal appeals, the appellate court must review the record for any errors patent. An error patent is that which is "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La. C.Cr.P. art. 920(A). A review of the record in this case reveals no errors patent.

## Discussion

The Louisiana Constitution prohibits excessive punishment. *State v. Tompkins*, 429 So. 2d 1385, 1386 (La. 1982) (citing La. Const. art. I, § 20). Even if a sentence falls within statutory limits, it may still be unconstitutionally excessive.

2

*Id.* (citing *State v. Sepulvado*, 367 So. 2d 762, 767 (La. 1979)). A sentence is unconstitutionally excessive if it "does not serve to complete the acceptable goals of punishment, constitutes purposeful imposition of pain and suffering, and is disproportionate to the severity of the offense committed." *State v. DeGruy*, 2020-0290, p. 9 (La. App. 4 Cir. 10/29/20), 307 So. 3d 258, 265 (citations omitted).

Appellate courts have a distinct responsibility to review criminal sentences for constitutional excessiveness. *State v. Dorthey*, 623 So. 2d 1276, 1280 (La. 1993) (citing *Sepulvado*, 367 So. 2d at 767). However, the role of the appellate court is to determine whether the district court abused its discretion in imposing a sentence, not to determine whether a different sentence may have been more appropriate. *State v. Cook*, 1995-2784, p. 3 (La. 5/31/96), 674 So. 2d 957, 959 (quoting *State v. Humphrey*, 445 So. 2d 1155, 1165 (La. 1984)). This is because a trial judge is afforded wide discretion in determining a sentence, and the appellate court should not set aside a sentence if the record supports the sentence imposed. *State v. Williams*, 2015-0866, pp. 12-13 (La. App. 4 Cir. 1/20/16), 186 So. 3d 242, 250 (citing *State v. Fountain*, 2007-1004, p. 5 (La. App. 4 Cir. 1/23/08), 976 So. 2d 763, 766). Reviewing a sentence for constitutional excessiveness is a two-step process. *State v. Barbain*, 2015-0404, p. 29 (La. App. 4 Cir. 11/04/15), 179 So. 3d 770, 787. That is, the appellate court must determine (1) whether the district court adequately complied with the sentencing guidelines under La. C.Cr.P. art. 894.1 and (2) whether the sentence was warranted based on the facts established by the record. *State v. Rouser*, 2014-0613, p. 18 (La. App. 4 Cir. 1/07/15), 158 So. 3d 860, 872 (citing *State v. Wiltz*, 2008-1441, p. 10 (La. App. 4 Cir. 12/16/09), 28 So. 3d 554, 561).

Louisiana Code of Criminal Procedure Article 894.1(C) requires the trial judge to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." However, full compliance with the article is not required if the record clearly shows an adequate basis for the sentence imposed. *State v. Lobato*, 603 So. 2d 739, 751 (La. 1992) (citing *State v. Lanclos*, 419 So. 2d 475, 478 (La. 1982)). Therefore, the trial judge does not need to list every aggravating and mitigating factor so long as the record reflects an adequate consideration of the guidelines. *Id.* (citing *State v. Smith*, 433 So. 2d 688, 698 (La. 1983)). If the appellate court finds that the trial judge has adequately complied with the sentencing guidelines, the appellate court must then determine "whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious offenders." *Rouser*, 2014-0613, p. 18, 158 So. 3d at 872-73 (citing *State v. Bell*, 2009-0588, p. 4 (La. App. 4 Cir. 10/14/09), 23 So. 3d 981, 984).

Turning to the facts of this case, Defendant was convicted for home invasion under La. R.S. 14:62.8. Louisiana Revised Statute 14:62.8(B) provides, "Whoever commits the crime of home invasion shall be fined not more than five thousand dollars and shall be imprisoned at hard labor for not less than one year nor more than thirty years." Defendant was sentenced to twenty-five years at hard labor, just five years under the maximum sentence for the crime. In imposing the sentence, the trial judge noted that he found the Defendant's actions "to be quite chilling," noting that the Defendant "walked around a stranger's property, seemingly at his ease, before entering that stranger's home and getting physical with the victim."

4

Further, the judge found the Defendant to be a threat to public safety and stated that he believed a lesser sentence would deprecate the seriousness of the crime.

While the trial judge did not mechanistically list each factor considered under La. C.Cr.P. art. 894.1, we find that the record supports the judge's sentence. At trial, Ms. Chimento testified to how the Defendant overpowered her when she tried to prevent him from entering her home. Specifically, she testified that he picked her up and threw her into the house when she refused to move. Ms. Chimento noted that the Defendant pushed her on the couch, pressed upon her, and threatened to rape her and kill her family if she did not give him money. She also testified that Defendant exposed his genitals to her. Further, Mr. Dominick Chimento testified that the Defendant struck him and knocked him down when he confronted the Defendant. All of this testimony supports the judge's sentence, particularly considering Ms. Chimento's age and the fact that the Defendant used threats of violence and actual violence in the commission of the crime. Based on all this, we find that the record supports the twenty-five-year sentence that was imposed.

Defendant argues that the trial judge failed to individualize his sentence to the circumstances of the case. Defendant points to the fact that the judge failed to order a pre-sentence investigation or consider any mitigating factors. The record reflects that the Defendant had the opportunity to be heard at the sentencing hearing, but he ultimately did not offer any evidence or testimony for the judge to consider. Defendant admits in his brief that he did not file a sentencing memorandum. Conversely, at the sentencing hearing, the State presented a Multiple Bill of Information, which revealed that the Defendant had pled guilty to first degree armed robbery in 2004, to possession of a firearm as a convicted felon

in 2007, and to simple burglary of an inhabited dwelling in 2018. Although Defendant opposed the consideration of these past offenses, he did not dispute them. Based on the record, this Court cannot find any mitigating factors in Defendant's favor. We also do not find that the district court's sentence is "so disproportionate to the crime committed as to shock our sense of justice." *Wiltz*, 2008-1441, pp. 9-10, 28 So. 3d at 560 (quoting *State v. Bonanno*, 384 So. 2d 355, 358 (La. 1980)).

## <u>Decree</u>

For the foregoing reasons, we do not find the Defendant's sentence to be constitutionally excessive, and we affirm the district court's sentence of twenty-five years at hard labor for Defendant's conviction of home invasion under La. R.S. 14:62.8.

**AFFIRMED**